**Hugh L. HODGES, Appellant,**

v.

**The STATE of Texas and the City of Everman, Appellees.**

**Motion No. 15271.**

Court of Civil Appeals of Texas, Austin.

July 21, 1976.

Clyde M. Marshall, Jr., Callaway & Marshall, Fort Worth, for appellant.

John L. Hill, Atty. Gen., Gilbert J. Bernal, Jr., Asst. Atty. Gen., Austin, for the State of Texas.

Elvin A. Tackett, Bedford, for City of Everman.

SHANNON, Justice.

Appellant, Hugh L. Hodges, has filed with the Clerk of this Court a motion to permit the filing of a transcript in a cause from the district court of Travis County.

The matter to be determined is whether or not the appellant's amended motion for new trial was timely filed by appellant with the district clerk of Travis County. Whether the amended motion was timely filed, in turn, depends upon the construction and application of that part of Tex.R.Civ.P. 5,

which concerns the mailing of a motion one or more days before the last day for filing the motion. If appellant's amended motion for new trial was not filed within the required time, then appellant's appeal bond was not filed on time, and this Court does not have jurisdiction to entertain the appeal.

The sequence of events is as follows:

February 17, 1976 Judgment was entered.

February 27, 1976 Appellant's motion for new trial was filed.

March 19, 1976 District clerk received appellant's amended motion for new trial in United States mail.

March 19, 1976 District clerk filed appellant's amended motion for new trial.

June 1, 1976 Appellant filed appeal bond.

Texas R.Civ.P. 5 provides in pertinent part as follows: ". . . if a motion for new trial . . . is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail one day or more before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time; provided, however, that a legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing."

As is evident, the district clerk received and filed the amended motion for new trial twenty-one days after the original motion for new trial was filed. Under Rule 5, however, the amended motion was timely filed, if appellant can demonstrate to this Court that he mailed the amended motion to the district clerk on or before March 17, 1976.

Under Rule 5 a party may make a *prima facie* case if he produces the envelope or wrapper bearing a legible postmark affixed by the United States Postal Service showing that the motion was deposited in the mail one or more days before the last day for filing the same. In the case at bar

appellant was unable to produce the envelope in which he mailed the amended motion to the district clerk. Appellant, as a result, was not able to avail himself of that manner of proof.

We read Rule 5 to contemplate other modes of proof of the date of mailing. In a sworn motion appellant's counsel stated that he prepared and mailed the amended motion for new trial to the district clerk of Travis County on March 17, 1976, in an envelope properly addressed with sufficient postage prepaid. Counsel for appellant further swore that the amended motion was sent by first-class United States mail in an envelope that was deposited in the United States mail on March 17, 1976, by placing the same in the official United States mail receptacle located in the lobby of the W. T. Waggoner Building, Fort Worth, Texas.

Appellees have not by counter-affidavit contested appellant's proof.

We are of the opinion that appellant's proof is in compliance with Rule 5, that the amended motion for new trial was mailed on March 17, 1976, that the amended motion for new trial was timely filed, and that this Court has jurisdiction to entertain this appeal.

Appellant's motion to file the transcript is granted.

Motion granted.