Denny Ray JUDKINS, Appellant,

v.

Richard Lynn DAVENPORT and Brown Pontiac–GMC, Inc., d/b/a Brown Pontiac Truck, Appellees.

No. 07–00–0095–CV.

Court of Appeals of Texas, Amarillo.

Dec. 14, 2000.

Frank Lay, Borger, for appellant.

Vance E. Ivy, Julie P. Wright, Gibson, Ochsner & Adkins, L.L.P., Amarillo, for appellees.

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

QUINN, Justice.

Denny Ray Judkins (Judkins) appeals from a final summary judgment dismissing his claims against Richard Lynn Davenport and Brown Pontiac–GMC, Inc., d/b/a Brown Pontiac Truck (Davenport). His sole point of error concerns whether the trial court erred in entering such judgment. We reverse.

## Background

Through this appeal, the litigants ask us to determine whether an inaccurate zip code renders an address improper for purposes of Texas Rule of Civil Procedure 5. Among other things, the rule specifies that:

> [i]f any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper *properly addressed* and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

Tex.R.Civ.P. 5 (emphasis added).

At bar, Judkins intended to sue Davenport for negligence. No one disputed that the last day by which the proceeding had to be filed (to be within the applicable limitations period) was October 29, 1999. It is similarly undisputed that on October 29th, Judkins enclosed his original petition in a stamped envelope addressed to "Cindy Groomer, District Clerk, P.O. Box 9570, Amarillo, Texas 70105–9570." The envelope was then delivered to the United States Post Office, which entity postmarked it "October 29, 1999." Furthermore, the mailing was received by the addressee within ten days of the postmark.

Shortly thereafter, Davenport discovered that the zip code included in the address was wrong. The true zip code assigned to P.O. Box 9570, Amarillo, Texas was 79105–9570, as opposed to 70105–9570. With this error in mind, Davenport concluded that the October 29th missive was not "properly addressed," the correspondence did not satisfy the requirements of Rule 5, and the filing was untimely. These propositions were then incorporated into a motion for summary judgment which the trial court granted.

## Standard of Review and Application of the Standard

The standard of review applicable to summary judgments is well-settled and need not be reiterated. It is sufficient to cite the parties to *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910 (Tex.1997) and *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985) for a discussion of same.

Sadly, Rule 5 does not define the word "address." Yet, all is not lost for we can easily garner the term's definition by its context. For instance, the rule concerns the delivery, via United States mail, of documents to, and their eventual receipt by, the clerk. Given this, logic dictates that the word "address" connotes the locale or locales at which the clerk receives mail. Thus, by using "address" we hold that those adopting Rule 5 intended the term to mean "mailing address." *See Fed. Nat'l Mortgage Ass'n v. Beard*, 8 Kan. App.2d 371, 659 P.2d 232, 235 (1983) (construing the word "address" when used in the context of receiving certain notices as "mailing address").

Next, we turn to the "Domestic Mail Manual of the Postal Service," 39 C.F.R. § 111.5 (2000), for additional guidance in resolving the dispute before us. Thereunder, we are told that a zip code

may be omitted "from pieces mailed by the general public at the single-piece rates for First–Class Mail and from pieces bearing a simplified address." *Id.* at § 1.2(e). Since a zip code may be omitted from certain items of mail, it is not a prerequisite to assuring that mail is properly routed to a particular addressee. So, while a zip code may facilitate the delivery of items to the clerk, as contemplated within Rule 5, it is not a necessary part of the address. Thus, its omission does not render the address improper for purposes of Rule 5.[1]

Next, since a zip code is not necessary to render an address proper, it follows that an erroneous zip code does not render the address improper. This determination comports with those made by other courts which have considered like circumstances. For instance, in *Pickering v. Comm'r of Internal Revenue*, T.C. Memo 1998–142 (1998), the court held that the notice there at issue contained the correct name, post office box number, city and state of the addressee. This was enough to render the address correct despite the presence of an erroneous zip code. *Id.; see Price v. Comm'r of Internal Revenue*, 76 T.C. 389, 1981 WL 11367 (holding the same). Similarly, in *Price*, the court found the address proper even though the zip code was incorrect. This was so because any conclusion to the contrary was "Draconian." *Price v. Comm'r of Internal Revenue*, 76 T.C. at 393 (citing *Clark v. Comm'r of Internal Revenue*, T.C. Memo 1978–356).

In sum, a wrong zip code does not in itself make an address improper. The trial court held otherwise in granting summary judgment. Thus, it erred. Accordingly, we reverse the summary judgment and remand the cause for further proceedings.

---

1. To the extent that a zip code facilitates delivery, however, its omission may delay arrival of the missive and effectively place its receipt outside the period in which the clerk must receive the mailing. Thus, we would caution that zip codes be used.