United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-51272

_____

ROBIN MARTIN,

                                        Plaintiff - Appellant-Cross-Appellee,

                          versus

ALAMO COMMUNITY COLLEGE DISTRICT,

                                        Defendant - Appellee-Cross-Appellant.

_____

Appeals from the United States District Court
for the Western District of Texas

_____

Before JOLLY, SMITH, and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

     Robin Martin ("Martin") appeals the district court's dismissal of her claim as time barred.  Alamo Community College District ("Alamo") cross-appeals the district court's denial of Eleventh Amendment immunity and attorney's fees.  We REVERSE the district court's dismissal of Martin's claim as time barred and DISMISS Alamo's appeal of the district court's denial of its claim of Eleventh Amendment immunity.

                                  I

     The procedural facts in this case are slightly offbeat.  This appeal arises from the second lawsuit filed by Martin.  The first lawsuit arose -- as indeed does this second lawsuit -- in 1999,

from Martin's charge with the Equal Employment Opportunity Commission ("EEOC") against Alamo, her employer. Her complaint stated claims for failure to accommodate her disability, for harassment, and for retaliation. The EEOC investigated and, after deciding not to file suit on Martin's behalf, it issued Martin a "Notice of Right to Sue" on September 17, 1999, allowing 90 days fo file suit. Accordingly, Martin filed her first suit ("Martin I") on December 17, 1999. On the same day, however, the EEOC mailed a second letter to Martin, which informed her that it had re-opened its investigation and thus had rescinded the original notice of right to sue. Based on this letter, Martin took no steps to serve Alamo. She did not dismiss her complaint, however.

Five months later, Alamo still had not been served with the complaint. Consequently, the district court ordered Martin to show cause why she had not served Alamo. Martin responded that she had not served Alamo based upon her belief that she did not have the right to do so until she received another notice of right to sue from the EEOC. The district court dismissed Martin's complaint without prejudice on June 22, 2000.

On August 18, 2000, the United States Department of Justice ("DOJ") decided not to sue on Martin's behalf and issued another

right to sue letter.[1]  Martin then re-filed the instant suit ("Martin II") against Alamo on November 16, 2000.

On November 27, 2001, Alamo filed a Motion to Dismiss for Want of Jurisdiction or, in the Alternative, Motion for Summary Judgment.  On August 9, 2002, the district court denied Alamo's motion, ruling that Alamo was not entitled to Eleventh Amendment immunity.

Finally, on August 21, 2002, the district court granted Alamo's motion for summary judgment on the ground that Martin's claim was time barred.  Martin filed a motion to reconsider, which was denied on November 1, 2002, and on November 19, 2002, Martin filed her notice of appeal.  Alamo also cross-appealed and filed a notice of appeal with this Court on December 10, 2002.[2]

---

[1]This is the first letter issued by the DOJ. The EEOC had forwarded the complaint to the DOJ which then decided not to sue. "[I]t is the Justice Department that may sue state and local governments" under the Americans with Disabilities Act.  2 BARBARA LINDEMANN & PAUL GROSSMAN, EMPLOYMENT DISCRIMINATION LAW 1532 (3d ed. 1996).

[2]Alamo mailed its notice of cross-appeal to the Clerk of the Fifth Circuit Court of Appeals, Mr. Charles Fulbruge, III, on December 6, 2002 and this letter was received on December 10, 2002. Alamo then properly mailed notice of cross-appeal to the district court on December 10, 2002 which was received on December 11, 2002. "If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk.  The notice is then considered filed in the district court on the date so noted."  FED. R. APP. P. 4(d).  Thus, because Alamo's notice was stamped by the Fifth Circuit Court of Appeals clerk as being received on December 10, the notice will be considered filed as of this date.

Martin challenges the district court's dismissal of her claim as time barred. Alamo, in its cross-appeal, challenges the district court's denial of its motion to dismiss based on Eleventh Amendment immunity.

## II

### A

As all who are familiar with this field of law know, if the EEOC determines that there is no reasonable cause to believe that an unlawful employment practice has occurred, the EEOC issues a letter informing the aggrieved party that it has the right to sue in federal district court ("right to sue letter") within 90 days of the receipt of the letter. 29 C.F.R. § 1601.19(a). This letter is prerequisite to a lawsuit.

The EEOC mailed Martin's right to sue letter on September 17, 1999. We will presume that Martin received this letter three days later, on September 20, 1999. See Taylor v. Books A Million, 296 F.3d 376, 379-80 (5th Cir. 2002); see also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984) (citing FED. R. CIV. P. 6(e)). Thus, since Martin filed her suit on December 17, 1999 -- 88 days later -- her first lawsuit was timely. The dispute in the case arises from the fact that on the same day -- December 17, 1999 -- the EEOC mailed its Notice of Intent To Reconsider to Martin.

Title 29 of the Code of Federal Regulations § 1601.19(b), allows the EEOC to reconsider its determination. If it decides to reconsider, the EEOC is required to notify the parties of its

4

intent to reconsider.  Crucial to this case, the regulation further provides:

> If such notice of intent to reconsider is issued within <u>90 days of receipt</u> of the final no cause determination, and the person claiming to be aggrieved or the person on whose behalf a charge was filed <u>has not filed suit</u> . . . the notice of intent to reconsider shall vacate the letter of determination and shall revoke the charging party's right to bring suit within 90 days. If the 90 day suit period <u>has expired</u>, [or] the charging party <u>has filed suit</u> . . . the notice of intent to reconsider shall vacate the letter of determination, <u>but shall not revoke the charging party's right to sue in 90 days</u>.

<u>Id</u>. (emphasis added).

Thus, Martin's right to sue under the first letter remained in effect if Martin had filed suit at the time the notice of reconsideration was issued.

The dilemma presented by this lawsuit and this appeal arises, as we have noted, because the filing of the complaint and the issuance of the notice to reconsider occurred on the <u>same</u> day.  The district court held, however, that although Martin filed her suit on the same day that the notice to reconsider was mailed, the notice to reconsider did not become effective until receipt of the notice, presumed to be three days later, on December 20, 1999; because Martin filed her complaint on December 17, 1999, her lawsuit preceded the notice to reconsider.  The notice had, therefore, not revoked her first right to sue.  It followed that the second right to sue letter of August 18, 2000 was unauthorized

5

and thus invalid -- meaning that no lawsuit could be predicated on this second letter. The district court further reasoned that the legally correct 90-day limitations period, which had begun to accrue when the first right to sue letter was received on September 17, 1999, had expired long before Martin re-filed this lawsuit on November 16, 2000. The district court then concluded that this suit was time barred and granted Alamo's motion for summary judgment.

B

We review summary judgments <u>de</u> <u>novo</u>, applying the same standards as the district court. <u>Performance Autoplex II Ltd. v. Mid-Continent Casualty Co.</u>, 322 F.3d 847, 853 (5th Cir. 2003). A grant of summary judgment is proper when there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. <u>Id</u>.; FED. R. CIV. P. 56(c). In evaluating the propriety of a defendant's motion for summary judgment based upon the statute of limitations, the court must draw all reasonable inferences in favor of the non-moving party. <u>Chaplin v. NationsCredit Corp.</u>, 307 F.3d 368, 372 (5th Cir. 2002) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986)); <u>Daniels v. City of Arlington, Tex.</u>, 246 F.3d 500, 502 (5th Cir. 2001). "To obtain summary judgment, 'if the movant bears the burden of proof on an issue . . . because . . . as a defendant he is asserting an affirmative defense, he must establish beyond

6

peradventure *all* of the essential elements of the . . . defense to warrant judgment in his favor.'" <u>Chaplin</u>, 307 F.3d at 372 (quoting <u>Fontenot v. Upjohn Co.</u>, 780 F.2d 1190, 1194 (5th Cir. 1986)) (emphasis supplied).

The question presented in this appeal focuses on the interpretation of the term "issued" as used in 29 C.F.R. § 1601.19(b). Specifically, Martin contends that the date on which the notice of intent to reconsider "issued" is not the date on which the notice was presumed to be received -- December 20, 1999 -- as held by the district court. Instead, Martin argues the notice was "issued" on the day it was mailed from the EEOC's office -- December 17, 1999.

The term "issued" is not defined by the applicable regulations. Thus, to resolve this case we must ascertain its definition.

When the applicable statute or regulation has left a word undefined, "the most basic principle of statutory construction" requires us to give that word its ordinary meaning. <u>Thompson v. Goetzmann</u>, 337 F.3d 489, 497 (5th Cir. 2003). This meaning must be determined "from the context in which [the words] are used." <u>Id</u>. (quoting <u>United States v. Lyckman</u>, 235 F.3d 234, 238 (5th Cir. 2001)). "Dictionaries are a principal source for ascertaining the ordinary meaning of statutory language[.]" <u>Id</u>. at 498 n.20 (citing

<u>Babbitt v. Sweet Home Chapter of Communities for a Great Oregon</u>, 515 U.S. 687 (1995)).

Black's Law Dictionary defines the term "issue" as "1. To accrue 2. To be put forth officially 3. To send out or distribute officially." BLACK'S LAW DICTIONARY 836 (7th ed. 1999) (examples omitted). Similarly, the American Heritage Dictionary's definition of "issued" includes "4. To be circulated or published." THE AMERICAN HERITAGE DICTIONARY 695 (New Coll. Ed. 1981). Contrary to the district court's interpretation of the term, none of these definitions imply the mere passive act of receipt by the addressee. Instead, both of these definitions require an act of "putting forth", "distributing", "circulating" or "publishing" on the part of the issuer.

We hold, based on the ordinary meaning of the word "issued" in 29 C.F.R. § 1601.19(b), that circulation or distribution of the Notice of Intent To Reconsider by the EEOC is required. Thus, the date that the notice was "issued" in this case is the date on which the notice was deposited in the mail by the EEOC.

The district court therefore erred in holding that the notice to reconsider was issued on December 20, 1999. The letter was postmarked December 17. This is the date that the letter was put forth, distributed, circulated, and published, that is, "issued." Thus, Martin filed her suit on the same day that the EEOC revoked her right to sue.

8

So, where does that leave us if the notice and the complaint are filed simultaneously?  It is clear that Alamo moved for summary judgment:  Alamo had the burden to establish that there was no material issue of fact on its affirmative defense.  Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 108 (3d Cir. 2003).  Thus, Alamo had to establish that the applicable 90-day period within which to file suit had expired when, on November 16, 2000, Martin filed the complaint before us; it could do so only by showing that the August 18 -- or second -- right to sue letter was invalid; to establish this point Alamo had to show that the first complaint was filed before the notice of reconsideration (revoking Martin's right to sue) was issued.  Alamo has failed to carry this burden.  We hold that, under 29 C.F.R. § 1601.19(b), when the notice to reconsider is issued on the same day that the complaint is filed, the issuance and filing are simultaneous (irrespective of the hours and minutes) and, consequently, the complaint has not been filed before the issuance of the notice.[3]

Because Martin filed the complaint before us within 90 days of her receipt of a valid right to sue letter -- the second letter --

---

[3]Because some offices register the hour and minute of pleading receipts and others do not, and because mail is deposited at different times during the day, the rule is more nearly uniform and more easily manageable when time is calculated by the day.

9

her suit was timely. We therefore REVERSE and vacate the district court's judgment to the contrary.[4]

## III

Alamo cross-appeals the district court's denial of its motion to dismiss on grounds of Alamo's Eleventh Amendment immunity. Martin argues that we are precluded from considering the merits of this issue because Alamo did not file a timely notice of appeal. We need not decide whether Alamo's notice of appeal was timely because Alamo inadequately briefed the issue and, thus, abandoned its Eleventh Amendment arguments. Southwestern Bell Tel. Co. v. City of El Paso, 243 F.3d 936, 940 (5th Cir. 2001) (dismissing appeal as abandoned because the Appellant failed to challenge the district court's application of the applicable test for Eleventh Amendment immunity); Dardar v. Lafourche Realty Co., 985 F.2d 824, 831 (5th Cir. 1993); L & A Contracting Co. v. Southern Concrete Servs., 17 F.3d 106, 113 (5th Cir. 1994)(holding appeal to be abandoned because appellant cited no authority in a one-page argument); FED. R. APP. P. 28(a)(9)(A) (requiring argument to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). The appeal on this issue is DISMISSED.[5]

---

[4]Based upon our disposition of this issue, we need not consider Martin's equitable tolling argument.

[5]Alamo requests attorney's fees in this appeal. In the light of this opinion it is clearly not entitled to attorney's fees at this juncture of the case; its request is therefore denied without

10

IV

Based on the reasons stated above, we REVERSE and VACATE the district court's dismissal of the case as time barred. We DISMISS Alamo's appeal of the district court's denial of its motion to dismiss on Eleventh Amendment immunity grounds. Finally, we DENY Alamo's request for fees and costs. The case is REMANDED to the district court for further proceedings not inconsistent with this opinion.

---

prejudice.

11