United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50479

INTERNATIONAL TRUCK AND ENGINE CORPORATION,

Plaintiff-Appellant,

versus

BRETT BRAY, In his official capacity as the Director of the Motor
Vehicle Division of the Texas Department of Transportation and
Chief Executive and Administrative Officer of the Motor Vehicle
Board of the Texas Department of Transportation,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas, Austin
--------------------

ON PETITION FOR REHEARING EN BANC

Before KING, Chief Judge, and BENAVIDES and CLEMENT, Circuit
Judges.

BENAVIDES, Circuit Judge:

Treating the Petition for Rehearing En Banc as a Petition for
Panel Rehearing, we delete footnote 4 from the original panel
opinion and substitute the following in its place:

We have jurisdiction to consider this controversy.
In a cursory reference at the beginning of his brief, the
Director cites *Pennhurst State School & Hospital v.
Halderman*, 465 U.S. 89 (1984), for the proposition that
Eleventh Amendment immunity bars International's suit.
The district court ruled that Bray had waived sovereign
immunity by failing to raise the defense within the time

period allowed under local rules, *see* W.D. Tex. R. CV-12, and by seeking summary judgment on the coverage of section 2301.476(c) before raising immunity. The Director neither critiques the district court's ruling nor explains the application of *Pennhurst* to this case. Because the Director has failed to provide any substantial legal analysis, we consider the Director's sovereign immunity arguments waived as not adequately briefed on appeal. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 413-14 (5th Cir. 2003).

The Director, relying on *Fleet Bank, National Association v. Burke*, 160 F.3d 883 (2d Cir. 1998), also argues that International's constitutional claims are insufficient to invoke federal question jurisdiction under the well-pleaded complaint rule. *Fleet Bank* is inapposite. The Second Circuit carefully limited its holding in *Fleet Bank* to the context of preemption. *Id.* at 889. Preemption, standing alone, creates a federal defense but not a federal question. *Id.* International's dormant Commerce Clause challenge, in contrast, raises a federal question.

In all other respects, the Petition for Panel Rehearing is DENIED.

No member of the panel nor judge in regular active service of the Court having requested that the court be polled on Rehearing En Banc (Fed. R. App. P. and 5th Cir. R. 35), the Petition for Rehearing En Banc is DENIED.