George **FLORES**, Appellant,

v.

**TEXAS PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION for PAULA INSURANCE COMPANY, Impaired Insurer, Appellee.**

No. 04–04–00481–CV.

Court of Appeals of Texas, San Antonio.

March 30, 2005.

Rehearing Overruled May 10, 2005.

Kenneth W. Howell, San Antonio, for appellant.

David L. Swanson, Stone Loughlin & Swanson, L.L.P., Austin, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from the trial court's granting of appellee's motion to dismiss appellant's lawsuit for lack of jurisdiction. The underlying case is a worker's compensation suit brought by appellant, George Flores, after the Texas Worker's Compensation Commission ("the TWCC") determined his claim was not a compensable claim. Appellee, Texas Property and Casualty Insurance Guaranty Association for Paula Insurance Company, Impaired Insurer, moved to dismiss the suit on the grounds that Flores did not file the suit within the time period required by Texas Labor Code section 410.252, and such failure resulted in the trial court's lacking jurisdiction over the suit. On appeal, Flores argues that the requirements of section 410.252 are not jurisdictional in nature. Instead, he asserts section 410.252 is a statute of limitations and there is a fact issue on whether he filed suit after limitations had run. Section 410.252 provides that "[a] party may seek judicial review not later than the 40th day after the date on which the decision of the appeals panel was filed with the division." TEX. LAB.CODE ANN. § 410.252(a) (Vernon

1996). Because we conclude Flores timely-filed his petition, we reverse and remand.

## MAILBOX RULE

The TWCC denied Flores's claim on September 7, 2000. Accordingly, Flores was required to seek judicial review of the TWCC's decision by October 17. *See* TEX. LAB.CODE ANN. § 410.252(a). Flores filed suit in district court on October 19. Flores contends he timely-filed his petition because he met the requirements of Texas Rule of Civil Procedure 5, the so-called "mailbox rule." *See Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 959 (Tex.1999) (applying mailbox rule to question of timely filing copy of petition with the TWCC under Labor Code section 410.253); *see also National Liability & Fire Ins. Co. v. Allen,* 972 S.W.2d 215, 220 (Tex.App.-Beaumont 1998) (holding that "once a case is appealed to the district court, Rule 5 is applicable to both filing requirements under §§ 410.252 and 410.253."), *aff'd,* 15 S.W.3d 525 (Tex.2000).

■ On appeal, the parties dispute the applicable standard of review. Arguing that section 410.252(a) is jurisdictional, appellee asserts the standard of review applicable to a plea to the jurisdiction. Arguing that section 410.252(a) is a general statute of limitations, Flores asserts the standard of review applicable to a summary judgment. In the context of a plea to the jurisdiction, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). As subject matter jurisdiction presents a question of law, we review a trial court's order on a plea to the jurisdiction de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). In the context of a summary judgment on the issue of

limitations, we apply the same de novo standard of review on appeal. *Provident Life & Acc. Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). Accordingly, whether the forty-day filing requirement of section 410.252(a) is jurisdictional or a statute of limitations, we review de novo the trial court's determination that Flores did not timely file his lawsuit.

■ To establish he met the requirements of the mailbox rule, Flores submitted the affidavit of his attorney, Alan Tysinger. In his affidavit, Tysinger stated as follows:

> On October 17, 2000, I mailed the original petition ... to the addressee set forth below, by depositing a copy enclosed in a postpaid wrapper, certified mail, return receipt requested, in an official depository under the exclusive care and custody of the United States Postal Service, in San Antonio, Bexar County, Texas, addressed as follows: [the affidavit then states the name and address of the Uvalde County district clerk].

Appellee does not dispute any of the facts alleged in Tysinger's affidavit. Instead, appellee first contends that because there is no cover letter that accompanied the petition or an envelope bearing a postmark in evidence, these deficiencies alone sustain the trial court's determination. However, the Texas Supreme Court has held that, "[i]n the absence of a proper postmark or certificate of mailing, an attorney's uncontroverted affidavit may be evidence of the date of mailing." *Lofton v. Allstate Ins. Co.,* 895 S.W.2d 693, 693–94 (Tex.1995).

Appellee next asserts Tysinger's affidavit is insufficient because it does not state the location from which Tysinger mailed the petition, whether he mailed it before the last pick-up time for the mailbox, or the amount of postage on the envelope. Appellee also points to Flores's response

to interrogatories, in which he admitted counsel could not supply certain details regarding the mailing of the petition.[1] Appellee argues that because the affidavit is insufficient to meet the requirements of the mailbox rule, Flores did not timely file his petition. Appellee relies on *Arnold v. Shuck*, 24 S.W.3d 470 (Tex.App.-Texarkana 2000. pet. denied), for its assertion that this lack of evidence defeats application of the mailbox rule. In *Arnold*, the legal assistant's affidavit merely stated that "she prepared the petition and personally mailed it to the clerk's office ... [and] the transmittal letter accompanying the petition was dated April 7, 1999, and that the petition was mailed 'postage prepaid, either April 7, 1999, or April 8, 1999.'" *Id.* at 472. Because the affidavit did not comply with each element of the mailbox rule, the *Arnold* court held that the appellant failed to raise a fact issue on summary judgment. *Id.* at 473. Therefore, the issue in *Arnold* was not whether certain missing information defeated application of the mailbox rule, rather, the issue was whether the information actually contained in the affidavit satisfied the rule.

■ The mailbox rule provides that a document is deemed timely filed if (1) it is sent to the proper clerk, (2) by first-class United States mail, (3) in a properly addressed and stamped envelope, (4) on or before the last day for filing, and (5) it is received not more than ten days tardily. TEX.R. Civ. P. 5. Tysinger's affidavit states: (1) the petition was mailed to the clerk, (2) the petition was mailed by certified United States mail, postage prepaid, (3) the name and address of the clerk, and (4) the petition was mailed on October 17, the fortieth day. The petition bears a file-stamped date of October 19, indicating it was received not more than ten days late. These uncontroverted factual allegations satisfy each of the requirements of Rule 5, and Flores's petition is deemed timely-filed. Therefore, the trial court erred in concluding Flores did not timely file his petition and, in doing so, erred in dismissing his suit.

## CONCLUSION

We reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.[2]

---

**1.** In response to interrogatories, Flores stated as follows:

> In the over three years since the time the petition [was] mailed, Plaintiff's counsel's offices changed location, firm membership, and firm organization, as well as handled a large volume of literally hundreds of files. Because of these circumstances as well as the passage of time, Plaintiff's counsel does not have an independent recollection of the specific details inquired of. At the time of mailing, Plaintiff's counsel's office address was 9514 Console Drive, Suite 100, San Antonio, Texas 78229. Counsel prepared and addressed the petition, and affixed the postage with a postage meter at this location. Counsel does not recollect whether

he placed the petition in the U.S. mailbox at the office location, but believes it more likely that it was placed in a mailbox at either the U.S. Postal Service main office ... or the Airport Mail Facility.... Counsel does not know or recollect the last time for mail pick-up at these latter locations three years ago, but believes it was at 9:00 p.m.

. . .

> [In response to a request that he identify the specific time the petition was placed in the official depository, counsel responded:] Plaintiff's counsel does not recollect the exact time, but believes it was before the last pick-up time.

**2.** Because we conclude the issue of whether Flores timely-filed his petition to be disposi-

tive, we do not address Flores's remaining issue on whether the forty-day filing requirement in Labor Code section 410.252(a) is jurisdictional or a statute of limitations. *See* TEX.R.APP. P. 47.1.