**Arnold WHITE, Plaintiff,**

v.

**DIETRICH INDUSTRIES, INC., Dietrich Metal Framing, and the Worthington Steel Company, Defendants.**

**Civil Action No. 1:06–CV–554.**

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 13, 2006.

Bryan Adam Terrell of Weller Green Toups & Terrell LLP, Beaumont, TX, for Plaintiff.

David W. Ledyard of Strong Pipkin Bissell & Ledyard–Beaumont, Beaumont, TX, J. Allen Jones, III and Marc S. Blubaugh of Benesch Friedlander Coplan & Aronoff–Columbus, Columbus, OH, for Defendants.

Mike H. Bassett of The Bassett Firm, Dallas, TX, for Decker Truck Line, Inc.

## MEMORANDUM AND ORDER

MARCIA A. CRONE, District Judge.

Pending before the court is Defendants Dietrich Industries, Inc., Dietrich Metal Framing, and The Worthington Steel Company's (collectively, "Defendants")

Motion to Dismiss Plaintiff's Original Petition With Prejudice (# 4). Because the parties rely on matters outside the pleadings, the court has elected to treat the motion as one for summary judgment. *See* FED.R.CIV.P. 12(b)(6). Defendants seek summary judgment on Plaintiff Arnold White's ("White") personal injury claims for negligence and gross negligence on the basis that White failed to comply with the applicable two-year statute of limitations. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that summary judgment is not warranted.

## I. *Background*

At the time of the events giving rise to this action, Plaintiff was employed by Decker Truck Line, Inc., a purported contractor and/or subcontractor of Defendants. White claims that his assigned tasks included driving a truck and trailer, which Defendants loaded with their product for transport. On August 16, 2004, White's truck and trailer tipped over while he was traveling on Interstate 10 in Beaumont, Texas, allegedly causing him to suffer serious injuries. The parties agree that the statute of limitations in this case began to run on August 16, 2004, the date of the incident, and expired on August 16, 2006. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 2002) (providing for a two-year statute of limitations for personal injury actions). Plaintiff's Original Petition, filed in the 58th Judicial District Court of Jefferson County, Texas, bears the file-stamp date of August 18, 2006, two days after the statute of limitations expired.

On September 15, 2006, Defendants removed this case to federal court on the basis of diversity jurisdiction and filed the instant motion, seeking to have all of White's claims dismissed with prejudice for his purported failure to file suit within the statute of limitations. White responded that his lawsuit was timely filed because he complied with each element of Rule 5 of the Texas Rules of Civil Procedure, commonly referred to as the "mailbox rule," by properly mailing the petition on August 16, 2006. In his response, however, Plaintiff relied on materials outside of the pleadings that were necessary to the resolution of the motion. Thus, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court found it appropriate to treat Defendants' motion to dismiss as a motion for summary judgment subject to the provisions of Rule 56. Accordingly, the court provided the parties with additional time to submit any further summary judgment evidence and briefing on the issues raised in the motion to dismiss.

## II. *Analysis*

### A. *Summary Judgment Standard*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R.CIV.P. 56(c). The parties seeking summary judgment bear the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Warfield v. Byron,* 436 F.3d 551, 557 (5th Cir.2006); *Lincoln Gen. Ins. Co. v. Reyna,* 401 F.3d

347, 349 (5th Cir.2005); *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir.2003); *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir.2002). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *accord EMCASCO Ins. Co. v. American Int'l Specialty Lines Ins. Co.*, 438 F.3d 519, 523 (5th Cir.2006); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir.2005); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir.2001); *Merritt–Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir.1999).

Where a defendant moves for summary judgment on the basis of an affirmative defense and, thus, bears the ultimate burden of persuasion, "it must adduce evidence to support each element of its defenses and demonstrate the lack of any genuine issue of material fact with regard thereto." *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir.1999), *cert. denied*, 528 U.S. 1160, 120 S.Ct. 1171, 145 L.Ed.2d 1080 (2000) (citing *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074 (5th Cir.), *cert. denied*, 522 U.S. 915, 118 S.Ct. 299, 139 L.Ed.2d 231 (1997)); *see Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986). To warrant judgment in its favor, the movant " ' "must establish beyond peradventure *all* of the essential elements of the defense." ' " *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir.2003) (emphasis in original) (quoting *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir.2002) (quoting *Fontenot*, 780 F.2d at 1194)).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial.

*See Celotex Corp.*, 477 U.S. at 322 n. 3, 106 S.Ct. 2548 (citing FED.R.CIV.P. 56(e)); *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 11, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *EMCASCO Ins. Co.*, 438 F.3d at 523; *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir.2004); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir.2003); *Rushing*, 185 F.3d at 505. "[T]he court must review the record 'taken as a whole.' " *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348); *see Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir.2005). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir.1996); *see Reeves*, 530 U.S. at 150, 120 S.Ct. 2097; *Lincoln Gen. Ins. Co.*, 401 F.3d at 350; *Smith*, 391 F.3d at 624; *Malacara*, 353 F.3d at 398; *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir.2003); *Harken Exploration Co.*, 261 F.3d at 471; *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir.), *cert. denied*, 534 U.S. 951, 122 S.Ct. 347, 151 L.Ed.2d 262 (2001). The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in his favor. *See Palmer v. BRG of Ga., Inc.*, 498 U.S. 46, 49 n. 5, 111 S.Ct. 401, 112 L.Ed.2d 349 (1990) (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505); *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir.2004); *Martin*, 353 F.3d at 412; *Martinez*, 338 F.3d at 411; *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir.), *cert. denied*, 540 U.S. 815, 124 S.Ct. 66, 157

L.Ed.2d 30 (2003); *Chaplin,* 307 F.3d at 372.

Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. *See Nebraska v. Wyoming,* 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548; *EMCASCO Ins. Co.,* 438 F.3d at 523; *Cutrera v. Board of Supervisors of La. State Univ.,* 429 F.3d 108, 110 (5th Cir.2005); *Patrick v. Ridge,* 394 F.3d 311, 315 (5th Cir.2004). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.,* 477 U.S. at 322–23, 106 S.Ct. 2548.

### B. *The Mailbox Rule*

In support of their contention that White's action is time-barred, Defendants proffer a copy of White's Original Petition. Although the petition alleges that the incident giving rise to this action occurred on August 16, 2004, it bears a file-stamp date of August 18, 2006, two days after the statute of limitations expired. Thus, Defendants have met their initial burden as movants, and the burden shifts to Plaintiff to adduce evidence raising a genuine issue of fact to avoid dismissal of his claim.

■ White contends that, pursuant to the mailbox rule, his petition was deemed filed when it was deposited in the mail on August 16, 2006. Rule 5 of the Texas Rules of Civil Procedure, commonly known as the mailbox rule, provides, in pertinent part, as follows:

> If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

TEX.R. CIV. P. 5. At the outset, Defendants question the applicability of the mailbox rule with regard to the filing of an original petition. The plain language of Rule 5, however, refutes Defendants' assertion. "According to its express terms, Rule 5 applies to 'any document.' This includes original pleadings." *Milam v. Miller,* 891 S.W.2d 1, 2 (Tex.App.-Amarillo 1994, writ ref'd) (quoting TEX.R. CIV. P. 5). Moreover, several Texas appellate courts have applied the mailbox rule in cases involving an original petition. *See, e.g., Flores v. Texas Prop. & Cas. Ins. Guar. Ass'n ex rel. Paula Ins. Co.,* 167 S.W.3d 397, 399 (Tex.App.-San Antonio 2005, pet. denied); *Bailey v. Hutchins,* 140 S.W.3d 448, 450–51 (Tex.App.-Amarillo 2004, pet. denied); *Arnold v. Shuck,* 24 S.W.3d 470, 472 (Tex.App.-Texarkana 2000, pet. denied); *Danesh v. Houston Health Clubs, Inc.,* 859 S.W.2d 535, 536 (Tex.App.-Houston [1st Dist.] 1993, writ ref'd). Hence, the mailbox rule is clearly applicable to the case at bar.

To avoid summary judgment, White is "responsible for presenting more than a scintilla of evidence showing that he complied with the mailbox rule." *Arnold,* 24 S.W.3d at 473; *see Warfield,* 436 F.3d at 557 (citing *Freeman v. Texas Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir.2004)). Moreover, Plaintiff must establish his compliance with each element of Rule 5. *See Arnold,* 24 S.W.3d at 473. Accordingly, White must demonstrate that his petition was: (1) sent to the proper clerk; (2) by first-class United States mail; (3) in a properly addressed and stamped

envelope; (4) deposited in the mail on or before the last day for filing; and (5) received by the clerk not more than ten days tardily. *See* TEX.R. CIV. P. 5; *Arnold,* 24 S.W.3d at 472.

To demonstrate compliance with each of the mailbox rule's requirements, White has submitted the affidavits of his attorney, B. Adam Terrell ("Terrell"), and Terrell's secretary, Doris Bradford ("Bradford"). In her affidavit, Bradford states:

> The transmittal letter, check, and the petition were sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and deposited by me in the mail the evening (sometime between 5:00 p.m. and 7:00 p.m.) of August 16, 2006. Such mail deposit was made in one of the regular United States Mail receptacles (the last one in the row, to the best of my recollection) in front of and on the premises of the United States Post Office on Walden Road in Beaumont, Texas.

Attached to the Bradford affidavit are copies of the petition, the transmittal letter to the clerk, dated August 16, 2006, the check for the filing fee, also dated August 16, 2006, and the envelope in which the above items were mailed, which Bradford had prepared at Terrell's instruction. Terrell's affidavit recounts substantially the same events, although he did not personally deposit the petition in the mail. Defendants have offered no evidence contesting the Bradford or Terrell affidavits.

It is undisputed that White complied with the mailbox rule's requirements of mailing the petition to the proper clerk via first-class United States mail and receipt by the clerk within ten days of mailing. Rather, Defendants argue that White has not established that the envelope containing the petition was properly addressed or that the envelope was deposited in the mail on or before the last day for filing. They further contend that the lack of a legible postmark affixed by the United States Postal Service precludes satisfaction of the mailbox rule.

### 1. *Properly Addressed*

■ Defendants assert that the envelope White mailed to the clerk's office was not properly addressed. Plaintiff has provided a photocopy of the envelope, which bears the following address:

> Ms. Lolita Ramos
> District Clerk of Jefferson County
> Jefferson County Courthouse
> Beaumont, TX 77701

Specifically, Defendants argue that because the above address fails to include a street number and name, as required by the United States Postal Service, it was not properly addressed within the meaning of Rule 5. In support of their contention, Defendants point to *Judkins v. Davenport,* 59 S.W.3d 689 (Tex.App.-Amarillo 2000, no pet.). In *Judkins,* the plaintiff sent his original petition to the clerk in an envelope listing an incorrect zip code. *See id.* at 690. The court of appeals held that "address" under Rule 5 means "mailing address" and looked to the Domestic Mail Manual of the Postal Service for additional guidance in resolving the dispute. *See id.* at 690–91. Because the manual *did not* require a zip code for all pieces of mail, the court held that an incorrect zip code would not render an envelope improperly addressed. *See id.* Therefore, Defendants rely on the Domestic Mail Manual as the sole means of determining whether an envelope is properly addressed within the meaning of the mailbox rule.

While the court agrees that the Domestic Mail Manual may prove instructive in considering whether an envelope has been properly addressed, it is by no means the sole determinant. Indeed, the *Judkins* court looked to the manual merely for "additional guidance," and the language of

Rule 5 does not limit properly addressed mail to that in conformity with the Domestic Mail Manual's requirements. Furthermore, other Texas courts have interpreted "properly addressed" to mean "sufficiently specific as to be timely received at the proper place." *See Moore v. State*, 840 S.W.2d 439, 441 (Tex.Crim.App.1992) (interpreting TEX.R.APP. P. 9.2, formerly Rule 4(b), which contains substantially the same language as Rule 5); *see also Hayes v. Woods*, No. 05–00–01121–CV, 2001 WL 727347, at *3 (Tex.App.-Dallas June 29, 2001, no pet.) (James, J., concurring). Here, as White points out, the Jefferson County Courthouse is a prominent public building in Beaumont, Texas. There is no evidence that the petition was returned to White's counsel for being improperly addressed, and the file-stamp shows that the petition reached the clerk's office within forty-eight hours of mailing. The envelope also correctly identifies the proper recipient, building, city, state, and zip code. Under the circumstances of this case, the court finds that White has adduced sufficient evidence from which it could be inferred that the envelope containing his petition was properly addressed for purposes of the mailbox rule.

### 2. *Deposited in the Mail On or Before the Last Day for Filing*

Defendants next contend that White has failed to prove that he mailed his petition on or before the last day for filing. The mailbox rule " 'does not extend the substantive limitations period.' " *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (quoting *Danesh*, 859 S.W.2d at 537). " 'Rather it defines what constitutes "bringing suit" within the meaning of [section 16.003(a) ].' " *Id.* (quoting *Danesh*, 859 S.W.2d at 537 (quoting TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a))); *accord Milam*, 891 S.W.2d at 2. In operation, the mailbox rule "modif[ies] the general rule requiring actual receipt of a pleading by the court clerk before one can consider it

filed." *Bailey*, 140 S.W.3d at 451 (citing *Warner*, 135 S.W.3d at 684). "Thus, once the provisions of Rule 5 are met, the post office becomes a branch of the district clerk's office for purposes of filing pleadings." *Milam*, 891 S.W.2d at 2; *accord Bailey*, 140 S.W.3d at 451; *Southwestern Bell Tel. Co. v. Perez*, 904 S.W.2d 817, 821 (Tex.App.-San Antonio 1995, no writ); *Danesh*, 859 S.W.2d at 537. Defendants assert that because the post office is viewed as a branch of the clerk's office for filing purposes, to be timely, Plaintiff must have placed the petition in the mail before 5:00 p.m., the time at which the clerk's office closes for the day. This argument suggests two propositions: (1) if the clerk's office is not open to accept a filing, then mailing the document pursuant to the mailbox rule is likewise ineffective, and (2) the statute of limitations expires at the time the clerk's office closes on the last day of filing. Neither of these propositions is tenable under Texas law.

As to Defendants' first contention, such an interpretation is directly contrary to the manner in which Texas courts have explained and applied the mailbox rule. *See Miller Brewing Co. v. Villarreal*, 829 S.W.2d 770, 771 (Tex.1992) (noting that "a party who finds the courthouse closed on the last day that a document must be filed is not without recourse. He may mail the document that day, and if it is received by the clerk not more than ten days later it is timely filed."); *Fellowship Missionary Baptist Church of Dallas, Inc. v. Sigel*, 749 S.W.2d 186, 187 (Tex.App.-Dallas 1988, no writ) (commenting that "the policy behind [the mailbox rule] is not to provide gratuitous extensions, but to accommodate situations in which courthouse employees are given a day off"); *see also Jackson v. Texas Workforce Comm'n*, No. 2–04–246–CV, 2005 WL 250872, at *1 (Tex.App.-Fort Worth Feb. 3, 2005, no pet.) (finding the mailbox rule to be satisfied when the peti-

tion was mailed on a day the courthouse was closed). Accordingly, the court rejects Defendants' first argument and holds that the clerk's office need not be open for the mailbox rule to apply.

With regard to Defendants' second proposition, the court can find no applicable authority, and Defendants have not provided such authority, that a statute of limitations expires at the time the clerk's office closes on the last day for filing. In a remarkably similar, although unpublished, case, the defendant argued that a petition must be mailed before the clerk's office closes at 5:00 p.m. in order to be timely. *See Director, Workers' Comp. Div. v. Pampell,* No. 03–97–00124–CV, 1997 WL 576470, at *2 (Tex.App.-Austin Sept. 18, 1997, pet. denied). Specifically, the defendant cited *Milam v. Miller,* which held that the defendant was required to mail his answer before 10:00 a.m., the time at which it would have been due in the clerk's office. *See id.* (citing *Milam,* 891 S.W.2d at 2). The *Pampell* court explained, however, that while the Texas Rules of Civil Procedure require an answer to be filed prior to 10:00 a.m., no such time requirement exists for an original petition. *See id.* As the court of appeals emphasized, "the *date* of mailing rather than the *time* of mailing is pertinent" to timely filing a petition. *Id.* (emphasis in original); *see Flores,* 167 S.W.3d at 400 (holding that the plaintiff filed suit within the statute of limitations even though he could not prove the time at which he mailed his petition). Therefore, the court rejects Defendants' second contention and holds that it was not necessary for Plaintiff's petition to have been deposited in the mail prior to 5:00 p.m. to be timely.

 Defendants further assert that White's mailing is deficient because he has not proven that his petition was deposited in the mail prior to the final mail pickup for the day. Rule 5 does not specify what constitutes "depositing" a document in the mail for purposes of the rule. Case law, however, suggests that the mailbox rule does not require that the post office be open to postmark and process the envelope on the date of mailing. For example, in *Sigel,* the court of appeals held that the appellant failed to comply with the mailbox rule under the Texas Rules of Appellate Procedure, which is substantively similar to Rule 5, because it did not deposit the document in the mail on a Sunday. *See* 749 S.W.2d at 188; *see also Walkup v. Thompson,* 704 S.W.2d 938, 938 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.) (per curiam) (holding that an appeal bond needed to be deposited in the mail on a Sunday); *Martin Hedrick Co. v. Gotcher,* 656 S.W.2d 509, 510–11 (Tex.App.-Waco 1983, writ ref'd n.r.e.) (finding that a document was required to be deposited in the mail on a Sunday). The *Sigel* court specifically noted that it was irrelevant that the post office would not postmark a mailing deposited on a Sunday because a "postmark is merely *prima facie* evidence of the date of mailing." 749 S.W.2d at 188. In accordance with these decisions, the court holds that the post office need not be open when an item is deposited in the mail for purposes of Rule 5.

 To demonstrate that his petition was deposited in the mail on August 16, 2006, White relies on the Bradford and Terrell affidavits. An "uncontroverted affidavit may be evidence of the date of mailing" under Rule 5. *Lofton v. Allstate Ins. Co.,* 895 S.W.2d 693, 693–94 (Tex.1995) (per curiam); *accord Alvarez v. Thomas,* 172 S.W.3d 298, 302 (Tex.App.-Texarkana 2005, no pet.); *Flores,* 167 S.W.3d at 399; *Arnold,* 24 S.W.3d at 472; *Sigel,* 749 S.W.2d at 188; *Hodges v. State,* 539 S.W.2d 394, 395–96 (Tex.Civ.App.-Austin 1976, no writ). Additionally, a private postage meter stamp may provide some

evidence of the date of mailing. *See Ector County Ind. Sch. Dist. v. Hopkins,* 518 S.W.2d 576, 583 n. 1 (Tex.Civ.App.-El Paso 1974, no writ).[1] Bradford's affidavit states that she deposited the document into a receptacle in front of the United States Post Office during the early evening of August 16, 2006. Bradford's version of events is further supported by the documents attached to her affidavit, including a copy of the envelope she deposited in the mail, which shows a postage meter stamp of August 16, 2006.[2] Defendants have offered no evidence to dispute Bradford's affidavit. Thus, the court concludes that the uncontroverted Bradford affidavit and supporting documents constitute sufficient evidence to raise a genuine issue of material fact as to whether Plaintiff's Original Petition was "deposited in the mail" on the last day for filing, August 16, 2006.

### 3. *Legible Postmark*

■ Finally, Defendants argue that a legible postmark affixed by the United States Postal Service is a requirement for satisfaction of the mailbox rule. To support their contention, Defendants rely on an unpublished decision, *Barnes v. Sulak,* No. 03–01–00159–CV, 2002 WL 1804912 (Tex.App.-Austin Aug. 8, 2002, pet. denied). A review of the context of *Barnes,* however, reveals that the court of appeals

was more concerned that the evidence showed that the document was sent via the United *Parcel* Service, rather than first-class United States mail, as Rule 5 expressly requires. *See id.* at *8. In any event, the court finds that any language in *Barnes* suggesting that a legible postmark is a prerequisite for satisfying the mailbox rule runs contrary to the language of the mailbox rule itself, as well as the numerous decisions clearly stating that such evidence is not necessary to prove timely filing. *See* Tex.R. Civ. P. 5; *Lofton,* 895 S.W.2d at 693; *Alvarez,* 172 S.W.3d at 302; *Flores,* 167 S.W.3d at 399; *Arnold,* 24 S.W.3d at 472; *Hodges,* 539 S.W.2d at 395–96. Accordingly, the court is of the opinion that a legible postmark affixed by the United States Postal Service—while considered *prima facie* evidence of mailing—is not essential for compliance with the mailbox rule.

### III. *Conclusion*

Defendants have failed to establish as a matter of law that White's action is barred by the two-year statute of limitations. Although Plaintiff's Original Petition was not received by the clerk's office until August 18, 2006, White has adduced sufficient evidence to raise a genuine issue of fact as to whether it was timely filed on August 16, 2006, through White's arguable compliance

---

**1.** One Texas appellate court specifically disagreed with the court's opinion in *Hopkins,* noting that, "[i]n view of the manner in which postage meters located in private offices are operated, the metered stamp has little, if any, probative force as evidence of the date of mailing." *Albaugh v. State Bank of La Vernia,* 586 S.W.2d 137, 138 n. 2 (Tex.Civ.App.-San Antonio 1979, no writ). The *Albaugh* case, however, involved an envelope showing both a postage meter stamp and a postmark by the United States Postal Service that was entered five days after the postage meter stamp. *Id.* at 137. The court agrees that, in such a scenario, the postage meter stamp would have little, if any, probative value. Nevertheless,

the court declines to adopt the opinion that such postage meter stamps are of little or no probative value in all situations, particularly when, as here, there is no official postmark available for consideration and there is independent evidence that corroborates the date stamped by the postage meter.

**2.** Although the initial copy of the envelope submitted with Plaintiff's response shows an illegible postage meter stamp, a darker copy attached to Plaintiff's sur-reply clearly shows a date of August 16, 2006. Plaintiff agrees that this was not a postmark affixed by the United States Postal Service.

with each element of Rule 5 of the Texas Rules of Civil Procedure. Hence, Defendants' motion for summary judgment is DENIED.