Mike **ROZELLE**, Appellant,

v.

**BEN E. KEITH COMPANY,** Appellee.

No. 11–92–113–CV.

Court of Appeals of Texas, Eastland.

Nov. 10, 1993.

Rehearing Denied Dec. 9, 1993.

Michael Kerensky, Denise Purcell, John M. O'Quinn, O'Quinn, Kerensky & McAninch, Houston, Dick Swift, Palestine, David W. Holman, Holman Hogan, Houston, for appellant.

A. Gary Thompson, David W. Kirkman, William L. Latham, McDonald Sanders Corporation, Fort Worth, for appellee.

## OPINION

DICKENSON, Justice.

Mike Rozelle injured his back in the spring of 1986 while he was working for Ben E. Keith Company, resetting walk-in coolers at a liquor store. The actual date of the injury was an issue at trial because Ben E. Keith urged a statute-of-limitations defense. The jury found that appellee was negligent and awarded $347,000 as damages to appellant, but the jury also found that the coolers were reset on or before March 19, 1986. The trial court rendered judgment on the verdict that appellant take nothing because his claim was barred by the applicable two-year statute of limitations.[1] We affirm.[2]

---

1. See TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986).

2. This appeal was transferred from the Tyler Court of Appeals to this court pursuant to TEX. GOV'T.CODE ANN. § 73.001 (Vernon 1988).

## Points of Error

Rozelle asserts six points of error on appeal. In his first point, he urges that the trial court improperly instructed the jury regarding the date of the incident. In his second and fifth points of error, Rozelle argues that the trial court erred in entering the take nothing judgment based upon the statute of limitations. In his third point of error, Rozelle contends that there is insufficient evidence to support the jury's answer concerning the date of the incident. In his fourth point of error, he argues that there is no evidence to support that answer. In his final point of error, Rozelle argues that the trial court erred in denying his motion for new trial because the damages assessed by the jury were insufficient and against the great weight and preponderance of the evidence.

## Background Facts

Rozelle was employed by Ben E. Keith as a district manager. In the spring of 1986, Rozelle and James William Weyhrauch, who was the general manager of Ben E. Keith's Palestine branch, reset a walk-in cooler at Lakeview Liquor Store in Caney City. Ben E. Keith distributed Budweiser beer to Lakeview. The resetting of the cooler involved moving many cases of beer in cramped quarters. In July 1986, Rozelle went to the doctor complaining of a back injury caused by the resetting of the cooler at Lakeview. He had back surgery in September and again in December of 1986.

On September 1, 1987, Rozelle filed his first petition seeking damages for negligence against Ben E. Keith.[3] That petition specifically stated that Rozelle did not wish to serve Ben E. Keith with a citation at that time (apparently because Ben E. Keith had a policy to terminate the employment and medical benefits of any employee filing a suit for an on-the-job injury). The amended petition and the letter which requested service of citation were not received by the district

clerk's office until March 21, 1988, and Ben E. Keith was not served with citation until April 11, 1988.

## Jury Question

■ In his first point of error, Rozelle argues that the trial court improperly asked the jury Question No. 2, which reads:

Did the resetting of the cooler in question occur on or before March 19, 1986?

The jury answered, "Yes." Rozelle argues that this question concerns an immaterial issue and that the trial court erred in failing to inform the jury that Ben E. Keith bore the burden of proof on this affirmative defense. We disagree.

■ The issue in Question No. 2 is material because it establishes the date of the injury for which Rozelle sought damages from Ben E. Keith for negligence. A material issue is one which "affect[s] the legal significance of the verdict." *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191 at 194 (Tex.1966). The only evidence of an injury for which Ben E. Keith could be liable is the injury to Rozelle's back that occurred when Rozelle and Weyhrauch were resetting the cooler at Lakeview. Hence, the date of the resetting of the cooler is material to Ben E. Keith's affirmative defense of limitations.

■ Furthermore, Rozelle failed to preserve for appellate review his argument concerning the burden of proof because he failed to object at trial to the submission of Question No. 2. After the trial court reminded Rozelle that he had submitted a general instruction to the jury that he bore the burden of proof and that Question No. 2 was Ben E. Keith's requested issue, Rozelle asked that an instruction be added concerning Ben E. Keith's burden of proof on Question No. 2. The trial court suggested that the instruction concerning who bore the burden of proof be deleted, placing the burden on whoever requested an affirmative answer. Rozelle agreed with the court's suggestion. The only remaining objection to Question No. 2 con-

---

3. Rozelle's employer did not provide workers' compensation benefits. See TEX.REV.CIV. STAT.ANN. art. 8306 § 4 (Vernon Supp.1993), replaced by TEX.REV.CIV.STAT.ANN. art. 8308–3.03, 3.04 (Vernon Pamph.Supp.1993).

cerned the lack of evidence to support that question. Therefore, Rozelle failed to preserve his objection regarding the burden of proof. TEX.R.CIV.P. 274; TEX.R.APP.P. 52(a); *Southwestern Bell Telephone Company v. Reeves*, 578 S.W.2d 795 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). The first point of error is overruled.

### Mailbox Rule

■ In his second point of error, Rozelle argues that the trial court erred in entering a take nothing judgment against him based upon the statute of limitations because he mailed the amended pleadings and requested service of citation before the limitations period expired. To support this argument, Rozelle relies on TEX.R.CIV.P. 5 (the "mailbox" rule) and on the evidence of which the trial court took judicial notice.

We hold that there is no evidence in the record to show that Rozelle's amended pleadings and his request for service were mailed in compliance with Rule 5; consequently, we do not address whether Rule 5 applies to extend the statutory period of limitations.[4] The trial court took judicial notice that:

> [Rozelle] through his attorney *directed a letter* to the District Clerk of Anderson County, Texas on March 8, 1988 requesting that service of process be issued by her office and included its firm check in the amount of $16.00 to cover the cost and that the clerk received the letter on March 21, 1988. (Emphasis added)

The trial court did not take judicial notice that the letter was "sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped" as required by Rule 5, and there is nothing in the record to show that it was. *See Carpenter v. Town and Country Bank*, 806 S.W.2d 959 (Tex.App.—Eastland 1991, writ den'd). The second point of error is overruled.

### Sufficiency of the Evidence

In his third and fourth points of error, Rozelle argues, respectively, that there is insufficient evidence to support the jury's answer to Question No. 2 and that there is no evidence to support that answer. In his fifth point of error, Rozelle argues that the trial court erred in entering the take nothing judgment against him.

■ In order to review the no evidence point, we must consider only the evidence and inferences that tend to support the verdict and disregard any evidence or inferences to the contrary. If there is any evidence of probative force to support the verdict, the no evidence point must be overruled. *Juliette Fowler Homes, Inc. v. Welch Associates, Inc.*, 793 S.W.2d 660 at 666 (Tex.1990); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). In order to review the insufficient evidence point, we must review all of the evidence and determine whether the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175 (Tex. 1986); *In re King's Estate, supra.*

■ The record shows that the date the injury occurred was a disputed issue at trial. The evidence supporting the jury's affirmative answer to Question No. 2 includes testimony from various witnesses and documentary evidence signed by Rozelle in July 1986. Rozelle's pleadings state that he was injured while performing duties "[o]n or about March/April, 1986." In Plaintiff's Exhibit No. 1, which is the Employee's First Report of Accidental Injury dated July 18, 1986, Rozelle filled in the date of injury as "March 15, 1985 (sic)." There were two question marks above this date. However, on the next page Rozelle wrote that he and Weyhrauch reset two large coolers at Lakeview Liquor Store "around mid March" and that afterward his lower back was sore. Dr. Robert J. Henderson, who first treated Rozelle on November 3, 1986, testified that Rozelle told him that "sometime in March of 1986" he developed lower back pain after moving 3,000 cases of beer. Rozelle testified at trial that, after reviewing the records of his chiropractor, Dr. Dan G. Bourns, Rozelle concluded that the accident occurred in "mid April 1986." However, when Rozelle was

---

4. See and compare *Danesh v. Houston Health Clubs, Inc.*, 859 S.W.2d 535 (Tex.App.—Houston [1st Dist.] 1993, writ ref'd) (applying Rule 5 to the mailing of a petition).

deposed in February of 1989, he stated that the date of the accident was approximately March 15, 1986. Dr. Bourns did not testify, but his records were introduced; they reflect that Rozelle first saw him on May 14, 1986, and that the cooler reset had occurred "approximately one month ago." Those records also contain a letter to Dr. Bourns from Dr. R.J. Donaldson stating that Rozelle hurt his back in "early April." We hold that there is some evidence to support the jury's finding that the date of the resetting of the coolers was on or before March 19, 1986, and that the finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. The jury was the trier of fact and was free to judge the weight and credibility of the witnesses' testimony.

Specifically, Rozelle argues that Ben E. Keith failed to prove the exact date of the incident and that limitations was, therefore, not proved. It is well-settled law that the mere filing of a lawsuit will not toll the statute of limitations. In order to interrupt the limitations period, the use of diligence in procuring the issuance and service of process is required. *Rigo Manufacturing Company v. Thomas,* 458 S.W.2d 180 (Tex.1970). The jury's finding that the incident occurred "on or before March 19, 1986," established that the limitations period began on March 19, 1986, at the latest. Ben E. Keith was not served, nor was the request for service received by the district clerk's office, until after the expiration of two years from March 19, 1986.

Rozelle also argues that as a matter of law he established due diligence in the service of process and that Ben E. Keith

failed to meet its burden of proof on due diligence. However, after the lawsuit progressed beyond the summary judgment stage, Ben E. Keith retained the initial burden to prove that Rozelle's cause of action was barred by the statute of limitations because of the late service of citation unless Rozelle was able to explain the delay and show that he exercised due diligence. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826 at 830 (Tex.1990); *Liles v. Phillips,* 677 S.W.2d 802 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). The reasonableness of the delay was a question of fact. *Liles v. Phillips, supra.* The evidence that Rozelle "directed" the request for service to the district clerk's office within the limitations period and that Ben E. Keith had a policy of firing employees who file lawsuits for on-the-job injuries did not establish as a matter of law that Rozelle used due diligence. Furthermore, he did not request a jury charge on this issue. See TEX.R.CIV.P. 279; *Washington v. Reliable Life Insurance Company,* 581 S.W.2d 153 (Tex.1979). The third, fourth, and fifth points of error are overruled. Because we affirm the trial court's judgment based upon the expiration of the limitations period, the sixth point of error need not be addressed.

The judgment of the trial court is affirmed.