Owen Robert ARNOLD, Jr., Individually and as Heir at Law in the Estate of Mary Alice Arnold, Deceased, Appellant,

v.

Audrene SHUCK, Appellee.

No. 06–00–00001–CV.

Court of Appeals of Texas, Texarkana.

Submitted June 8, 2000.

Decided June 9, 2000.

Rehearing Overruled Aug. 1, 2000.

Gerald K. Payte, Gloria J. Kologinczak, Janice P. Oviatt, Payte & Kologinczak, PC, Houston, for appellant.

M. Dean Solomon, Law Offices of Samuel E. Dunn, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

*Opinion by Justice ROSS.*

Owen Robert Arnold, Jr. appeals a summary judgment granted in favor of Audrene Shuck. Acting for himself and as heir at law to the estate of Mary Alice Arnold, Arnold sued Shuck alleging that she was negligent when her car struck Arnold's car from behind, resulting in injuries to himself and his mother, Mary Alice.

The accident allegedly occurred on April 11, 1997; Arnold's petition was filed in the district clerk's office on April 13, 1999. Shuck was served with the citation on June 8, 1999. Schuck filed a response and later filed a motion for summary judgment, asserting that the statute of limitations had run and that Arnold had failed to use due diligence in serving Shuck with citation in the suit.

To prevail on her motion for summary judgment, Shuck must have established that there is no genuine issue of material fact and that she was entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* On appeal, the movant still bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.*

■ Because Shuck moved for summary judgment in part on the ground that the statute of limitations had run, she must have (1) conclusively proven when the cause of action accrued, and (2) negated the discovery rule, if it applies and was pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when Arnold discovered, or in the exercise of reasonable diligence should have discovered, his cause of action. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). If Shuck established that the action was barred by the statute of limitations, Arnold must then have adduced summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

■ Shuck attached to her motion for summary judgment a copy of Arnold's petition, which alleges that the accident occurred on or about April 11, 1997, and which was file-stamped April 13, 1999.

This was sufficient to meet the first prong of the *KPMG Peat Marwick* test.

■ Because Arnold did not plead or otherwise raise the discovery rule, the burden shifted to him to bring forward summary judgment proof raising a fact issue in avoidance of the statute of limitations. Arnold produced the affidavit of Kelli Peterson, a legal assistant in his attorney's office. Peterson states that she prepared the petition and personally mailed it to the clerk's office. She further states that the transmittal letter accompanying the petition was dated April 7, 1999, and that the petition was mailed "postage pre-paid, either April 7, 1999, or April 8, 1999."

Arnold contends that under the mailbox rule his petition is deemed filed when he mailed it. He also contends that Peterson's affidavit was sufficient to raise a fact issue on the question of whether his suit was timely filed.

Under Tex.R. Civ. P. 5, a document is deemed timely filed if (1) it is sent to the proper clerk, (2) by first-class United States mail, (3) in a properly addressed and stamped envelope, (4) on or before the last day for filing, and (5) it is received not more than ten days tardily. In addition, a legible postmark affixed by the United States Postal Service is prima facie evidence of the date of mailing. *Id.*

■ In *Lofton v. Allstate Ins. Co.*, 895 S.W.2d 693, 693–94 (Tex.1995), the Texas Supreme Court held that an attorney's affidavit, stating that he had timely mailed an appeal bond, was sufficient to extend time under the mailbox rule in former Tex.R.App. P. 4(b), when there was no postmark or other evidence showing when the appeal bond had been mailed. Shuck contends that *Lofton* would exclude affidavits from nonattorneys, but we are not so persuaded. The court in *Lofton* relied on *Fellowship Missionary Baptist Church v. Sigel*, 749 S.W.2d 186, 188 (Tex.App.Dallas 1988, no writ), in which the court did not discuss the source of the affidavit establishing the date of mailing. Therefore, we

find that Peterson's affidavit is competent summary judgment evidence.

■ Shuck also contends that Peterson's affidavit does not contain summary judgment evidence showing how the petition was mailed, whether it was sent by first-class mail, whether proper postage was affixed, and whether the proper address was on the envelope.

In *Rozelle v. Ben E. Keith Co.*, 864 S.W.2d 812, 815 (Tex.App.Eastland 1993, writ denied), the court of appeals held that there was no evidence to show that the appellant's amended pleadings and request for service were mailed in accordance with Rule 5. Though the trial court had taken judicial notice that the appellant had "*directed a letter* to the District Clerk" within the limitations period, the court of appeals observed that the trial court did not take judicial notice that the letter was sent to the proper clerk, by United States mail, and in a properly addressed and stamped envelope as required by Rule 5. *Id.*

In *Harris County Appraisal Dist. v. Dincans*, 882 S.W.2d 75, 78 (Tex.App.Houston [14th Dist.] 1994, writ denied), the court of appeals found a stipulation-that the appraisal district's notice showing the appraised value of certain property was mailed-was insufficient to establish a statutorily created presumption that the notice was delivered. In that case, the court held that the stipulation did not demonstrate that all possible precautions were taken to ensure the notice would go to the taxpayer listed on the tax rolls. *Id.* at 79. Specifically, the stipulation did not include, but could easily have included, a statement that sufficient postage was placed on the envelope, that first-class mail was used, that the notice was sent to the most current address and was not returned, and the means by which the district normally places such notices in the mail. *Id.*

One arguable distinction between *Rozelle* and *Dincans* and the present case is their respective procedural postures. In *Rozelle*, the reviewing court was deciding

whether the trial court had abused its discretion in ordering a take-nothing judgment based on the statute of limitations, after the jury determined when the cause of action accrued. *Rozelle,* 864 S.W.2d at 813, 815. In *Dincans,* the court of appeals was deciding whether the appellee had sufficient notice of appraisal under the Tax Code to require him to exhaust his administrative remedies, thus depriving the trial court of jurisdiction. *Dincans,* 882 S.W.2d at 78–79. Both courts were reviewing presumably complete records for which the parties had marshaled all of their proof regarding notice.

This case presents a summary judgment in which Arnold is responsible for presenting more than a scintilla of evidence showing that he complied with the mailbox rule. Nevertheless, we agree with Shuck that Peterson's affidavit fails to meet this standard in that it fails to demonstrate compliance with each element of the mailbox rule. We therefore hold that summary judgment was properly granted on the ground of limitations.

Because we have found that summary judgment was proper on the ground that Arnold's suit was untimely filed, we do not need to consider whether Arnold used due diligence in serving Shuck with the citation.

We affirm the trial court's judgment.