**Opinion filed June 24, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00191-CV
_____

## REX GEORGE, CATHY GEORGE, JUSTIN McVEY, AND JACEE McVEY, Appellants

## V.

## EDWARD A. PRICE, INDIVIDUALLY AND D/B/A PRICE DIESEL SERVICE, Appellee

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 18,853**

## O P I N I O N

This suit arises out of a motor vehicle accident between a maintainer (or road grader) and a fire truck while both were involved in fighting a large grass fire. The trial court granted summary judgment for the maintainer's operator, Edward A. Price, who argued that he was immune from liability pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 79.003 (Vernon 2005). We affirm.

## I. *Background Facts*

A large grass fire broke out near the community of Maryneal, Texas. Firefighters requested the use of a maintainer from a local business, and Price agreed to operate it. Price drove while his son followed in a pickup with its flashers on. A sheriff's deputy was stopping traffic into Maryneal on Highway 608 west of town, but he waived Price through. Price was then directed by firemen on the scene to head east and cut a fire break along the north side of Highway 608. Rex George and Justin McVey were operating a Maryneal Volunteer Fire Department fire truck and were traveling westbound on Highway 608. George was driving, and McVey was in the rear manning a hose. The grass fire spread, and several tires caught fire. The resulting smoke was extremely thick. Price was unable to see through the smoke, and he stopped the maintainer. George traveled a short distance into the smoke before hitting the maintainer head-on. Within sixty to ninety seconds of this impact, the fire truck was struck from the rear by an eighteen-wheeler. George and McVey were injured in the collisions, and they filed this suit to recover their damages.[1]

## II. *Issue*

George and McVey contend that the trial court erred by granting Price's motion for summary judgment because they raised a material question of fact on Price's liability. Price's summary judgment motion raised both traditional and no-evidence grounds, but the parties agree that we need only consider the traditional motion. The standard of review for traditional summary judgment motions is well settled. Questions of law are reviewed de novo. *St. Paul Ins. Co. v. Tex. Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex. App.—Austin 1999, pet. denied). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, to determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

---

[1]George and McVey also sued Transit Mix Concrete and Materials Company (the owner of the truck), Ronnie Lynn Rackler (the truck driver), and Lone Star Industries, Inc. d/b/a Buzzi Unicem USA (the owner of the maintainer). Each of these defendants has been dismissed following settlement agreements.

## III. *Discussion*

Price contends that he is immune from liability pursuant to Section 79.003. This statute provides:

> (a) Except in a case of reckless conduct or intentional, willful, or wanton misconduct, a person is immune from civil liability for an act or omission that occurs in giving care, assistance, or advice with respect to the management of an incident:
>
> > (1) that is a man-made or natural disaster that endangers or threatens to endanger individuals, property, or the environment; and
> >
> > (2) in which the care, assistance, or advice is provided at the request of an authorized representative of a local, state, or federal agency, including a fire department, police department, an emergency management agency, and a disaster response agency.
>
> (b) This section does not apply to a person giving care, assistance, or advice for or in expectation of compensation from or on behalf of the recipient of the care, assistance, or advice in excess of reimbursement for expenses incurred.

George and McVey respond that Price failed to establish his immunity as a matter of law because they raised a fact issue on whether Price was acting recklessly.

Section 79.003 does not define "reckless conduct." Thus, we use its ordinary meaning. TEX. GOV'T CODE ANN. § 312.002 (Vernon 2005). The supreme court has held that reckless conduct requires proof that a party knew the relevant facts but did not care about the result. *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n.19 (Tex. 2006). This test is not satisfied with proof of ordinary negligence or a momentary judgment lapse. *See City of Pasadena v. Kuhn*, 260 S.W.3d 93, 99 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (interpreting TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2) (Vernon 2005)).

The supreme court has also held that a similar statute covering emergency personnel, TEX. TRANSP. CODE ANN. § 546.005 (Vernon 1999), advances the legislative goal of encouraging emergency personnel to act swiftly and resolutely while at the same time protecting the public's safety to the extent practicable. *City of Amarillo v. Martin*, 971 S.W.2d 426, 430 (Tex. 1998). Section 79.003 reflects a similar goal by adopting a lower standard of care for volunteers than would otherwise apply but without providing them complete immunity.

3

It is undisputed that Price was driving eastbound and was clearing a firebreak on the north side of Highway 608, that George and McVey were traveling westbound on 608, and that the smoke was so thick that neither driver saw the other before the impact. The parties disagree whether and to what extent Price was on the highway. Price testified that he was in the ditch and was using the edge of the road as a marker. His front right tire was probably one to one and one-half feet onto the road, while his right rear tire was on the edge of the road. He claimed that both collisions occurred in the ditch. Conversely, George and McVey each testified that they were completely within the westbound lane. Because we consider the evidence in the light most favorable to George and McVey, we must assume that Price was at least partially in the westbound lane.

If Price was in the westbound lane, George and McVey correctly note that he violated TEX. TRANSP. CODE ANN. § 545.051 (Vernon 1999) and that courts have found unexcused violations of this statute negligence per se. *See, e.g., Hoppe v. Hughes*, 577 S.W.2d 773, 775 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.). George and McVey recognize that ordinary negligence or negligence per se is insufficient to establish reckless conduct, but they argue that in this instance Price was acting recklessly because a reasonable person would recognize the danger created by driving eastbound in the westbound lane through thick smoke. This contention, however, assumes knowledge that the record does not support.

First, there is no evidence that Price realized he was driving in the westbound lane. Price testified that he thought only his front right wheel was on the edge of the highway because he was using that as his marker. Everyone agreed that the smoke was thick and dark. George has fought grass fires since 1974, and he described the smoke as as thick as he had ever experienced. McVey testified that he had difficulty seeing even the front of their vehicle, let alone beyond. Second, there is no evidence that Price was aware of other traffic. Price testified that law enforcement officials were stopping traffic coming into Maryneal and that he assumed they were doing so on both sides of the highway.

The record also does not support a lack of care. The decision to cut a firebreak along the north side of Highway 608 was made by firefighters, not Price. That decision is explained by the exigency of the circumstances. It was unusually windy, and the fire was beginning to threaten homes in Maryneal. The fire had already reached the highway at one place. In fact, George had decided that fighting the grass fire was futile, and he and McVey were headed into town to

4

protect houses. Price turned on all of the maintainer's external lights including its flashers. When he could no longer see, he stopped.

George and McVey produced evidence of ordinary negligence, but they failed to produce any evidence of reckless conduct. The trial court, therefore, did not err by granting Price's motion for summary judgment. George and McVey's issue is overruled.

## IV. *Holding*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


June 24, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.