# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00737-CV

Chase Carmen Hunter, Appellant

v.

Texas Department of Insurance and David Mattax,
in his Official Capacity as Commissioner of Insurance, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. D-1-GN-13-001957, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Pro se appellant Chase Carmen Hunter appeals from the trial court's refusal to reinstate her lawsuit against appellees the Texas Department of Insurance and the Commissioner of Insurance[1] after it was dismissed for want of prosecution. Because the trial court erred in not holding a hearing on Hunter's verified motion to reinstate, we reverse and remand the cause for further proceedings.

### Factual and Procedural Summary

Hunter was a licensed "Texas non-resident insurance agent" from 2003 until May 2013, when the Commissioner of Insurance signed an order of revocation. In June 2013, Hunter

---

[1] Hunter named as a defendant the former Commissioner of Insurance, Eleanor Kitzman. We have substituted the current Commissioner, David Mattax, as provided for by the rules of appellate procedure. *See* Tex. R. App. P. 7.2(a).

filed suit seeking a declaration that the order of revocation was void. She also filed an affidavit to proceed as an indigent. *See* Tex. R. Civ. P. 145. Starting in July 2013, Hunter began leveling complaints at the trial court clerk, asserting that the clerk had refused to respond to Hunter's requests, had denied Hunter access to the court system, and had denied Hunter's affidavit of indigence.[2] Hunter also complained that the trial court clerk had refused to give Hunter free access to the trial court's docket information system and that Hunter had experienced great difficulty in contacting employees of the clerk's office.

On August 25, 2014, the trial court signed an order dismissing Hunter's lawsuit for want of prosecution. *See id.* R. 165a. On September 26, Hunter filed a verified motion to reinstate, asserting that the case had not progressed because the trial court clerk had "violated Texas laws, federal laws, and the United States Constitution" and "refused to provide Hunter with services [the clerk] is required by law to provide," including refusing to docket the case, issue citations, and perform other ministerial duties. Pointing to petitions and pleadings she had filed with the trial court directly and with this Court, the Texas Supreme Court, and the United States Supreme Court, she stated that the clerk's refusal to cooperate was the only reason for the case's delay and that

---

[2] Hunter complained, among other things, that the trial court clerk had not issued or served citation on the defendants. Because the record does not include any letter or other document from Hunter asking the clerk to issue and arrange for service of citation, we cannot evaluate the merits of those claims. *See* Tex. R. Civ. P. 99(a) ("when requested," trial court clerk shall issue citation, and requesting party is responsible for obtaining service), 103 (how and by whom citation may be served). Further, Hunter seems generally to have insisted upon sending documents and communicating with the clerk and court via fax, rather than by telephone, through the mail, or via electronic filing. *See* Travis County (Tex.) Dist. Ct. Loc. R. 2.2 (settings may be requested through civilcourtsonline.org); *compare id.* R. 5 (party may notify trial court of certain post-trial pleadings by personal delivery at courthouse, via mail, or via email; rule does not allow fax notification), with *id.* R. 3.2 (specifying that party may announce ready via fax).

Hunter "has made no mistake, and there has been no accident."[3]  She asked that the case be reinstated and that the clerk be required to provide to Hunter free of charge all services provided to other parties and to give Hunter free access to idocket.com or fax her a weekly summary of activity in the case.

Rather than addressing the portion of the motion that sought reinstatement, the trial court clerk relied exclusively on the portion of the motion that asked that the cause be "transferred" to this Court, to have treated the motion as a notice of appeal, sending this Court a copy on September 29, 2014.  We initially docketed it as an appeal but dismissed that cause of action after Hunter sent us notice that she had not filed a notice of appeal.  A hearing before the trial court was never held, and the record does not reflect that any action was taken on the motion by the trial court or the trial court clerk.  On November 23, Hunter filed a notice of appeal.  *See id*. R. 165a(3) (motion to reinstate is overruled by operation of law seventy-five days after judgment is signed).

---

[3]  In July 2013, Hunter faxed directly to the trial court's chambers a motion titled, "Verified Motion Directly Filed with Judge John K. Dietz for Writ of Mandamus and Prohibition Directed to the Honorable Amalia Rodriguez-Mendoza, Clerk of the District Court of Travis County Texas." The court did not act on the motion, and Hunter filed four petitions for writ of mandamus in this Court, all of which were denied.  *See In re Hunter*, No. 03-15-00218-CV, 2015 WL 1778346 (Tex. App.—Austin Apr. 15, 2015, orig. proceeding) (mem. op.); *In re Hunter*, No. 03-14-00121-CV, 2014 WL 1018186 (Tex. App.—Austin Mar. 12, 2014, orig. proceeding) (mem. op.); *In re Hunter*, Nos. 03-13-00468-CV & 03-13-00557-CV, 2013 WL 5526157 (Tex. App.—Austin Oct. 2, 2013, orig. proceeding) (mem. op.).  She also filed three petitions for writ of mandamus in the Texas Supreme Court, all of which were denied, and then filed a petition for writ of certiorari with the United States Supreme Court, which dismissed the petition.  She also stated that she filed a federal lawsuit against the trial court clerk, an appeal related to that federal suit, and a petition with the Inter-American Organization of Human Rights, and that there were "at least two additional lawsuits pending" in the federal system related to the clerk's alleged refusal to comply with the law.

**Discussion**

Hunter asserts that the trial court clerk and the trial court refused to perform certain ministerial duties and violated rule 145 of the rules of civil procedure, which governs the filing of an affidavit of indigence, and that the trial court violated the rules of civil procedure when it failed to hold a hearing on her motion for reinstatement filed after the cause was dismissed for want of prosecution. Because we agree that the trial court erred in not holding a hearing on her motion to reinstate, we reverse and remand the cause for further proceedings.

Hunter's motion to reinstate asserted that any inaction in the case was the fault of the trial court clerk, particularly raising complaints about the clerk's apparent rejection of her affidavit of indigence. The record does not reflect that the trial court clerk or any other party filed a timely contest to her affidavit of indigence or that the trial court considered the issue and granted any such contest, and Hunter therefore was entitled to proceed in the trial court as an indigent.[4] *See Equitable Gen. Ins. Co. v. Yates*, 684 S.W.2d 669, 671 (Tex. 1984) ("An uncontested affidavit of inability to pay is conclusive as a matter of law."); *In re Villanueva*, 292 S.W.3d 236, 243 (Tex. App.—Texarkana 2009, orig. proceeding) (relator filed affidavit of indigence in trial court and "[n]o one contested that affidavit, meaning its effect as to Villanueva's ability to pay costs is conclusive; she is indigent as a matter of law"); *Retzlaff v. Courteau*, No. 03-00-00321-CV, 2001 WL 194054, at *4 (Tex.

---

[4] In this Court, however, appellees filed a timely contest to Hunter's appellate affidavit of indigence. We abated the cause to the trial court, which held a hearing and sustained the contest. Hunter filed a motion for extension of time to appeal that ruling, asking for sixty additional days. Because of the short timelines provided in the rules, *see* Tex. R. App. P. 20.1(j), we granted in part, giving her a ten-day extension, and then denied her second motion, which again sought sixty additional days, and her subsequent motions to strike and to reconsider. Thus, Hunter is not considered indigent on appeal.

App.—Austin Feb. 28, 2001, no pet.) (not designated for publication) ("An uncontested affidavit of inability to pay costs is conclusive as a matter of law.").

A cause that is dismissed for want of prosecution shall be reinstated if the trial court finds that the party's failure to appear for a hearing or trial "was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3). Hunter's motion was verified and timely filed,[5] and therefore, the trial court clerk was required to deliver a copy of the motion to the trial court, which was required to "set a hearing on the motion as soon as practicable." *See id*. Hunter was not required to set the hearing or even to request one. *See Enriquez v. Livingston*, 400 S.W.3d 610, 620 (Tex. App.—Austin 2013, pet. denied) ("we hold that a timely and properly verified motion to reinstate requires the trial court to hold an oral hearing on the motion without regard to whether the

---

[5] A motion to reinstate is due thirty days after dismissal. Tex. R. Civ. P. 165a(3). Hunter's motion was file-stamped by the trial court clerk on September 26, 2014, thirty-two days after dismissal, and appellees argue that the motion was therefore not timely filed. However, although Hunter's motion does not include a certification or other statement of the date on which she mailed the motion and the trial court clerk did not include in the record a copy of the envelope and its postmark, the motion is dated September 22 and includes a certificate of service stating that it was served on opposing counsel on September 22. Further, Hunter's appellate brief, which is sworn to, states that she mailed her motion via United States Postal Service priority mail on September 22 (we do not believe that it is meaningful that the tracking number Hunter provided returns no results in an online search). On this record, it appears that the motion was timely under the mailbox rule. *See id.* R. 5 (document placed in mail on due date is considered timely if received within ten days of mailing); *see also Lofton v. Allstate Ins. Co.*, 895 S.W.2d 693, 693-94 (Tex. 1995) (attorney's uncontroverted affidavit may be evidence of date of mailing); *Jacobs v. State*, 115 S.W.3d 108, 111-12 (Tex. App.—Texarkana 2003, pet. ref'd) (inmate's certificate of service stated document was mailed two days before deadline; therefore, mailbox rule applied and document was timely); *Arnold v. Shuck*, 24 S.W.3d 470, 472 (Tex. App.—Texarkana 2000, pet. denied) (affidavit by legal assistant was sufficient to extend time under mailbox rule); *Childs v. Ward*, No. 14-96-00355-CV, 1997 WL 427043, at *2 & n.1 (Tex. App.—Houston [14th Dist] July 31, 1997, no writ) (not designated for publication) (neither record nor inmate's brief included sworn statement of date of mailing).

movant obtains a setting, prepares and files a fiat, sends a letter to the trial judge, or otherwise requests an oral hearing by some communication directly to the trial court"); *see also Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) ("Given the rule and the language of [*Gulf Coast Investment Corp. v. NASA 1 Business Center*, 754 S.W.2d 152 (Tex. 1988)], it was not within the discretion of the trial court to fail to hold an oral hearing on the motion to reinstate. There is no dispute that Thordson did properly request a hearing. Although the grounds of attorney nonfeasance stated in his motion may not trigger mandatory reinstatement of his claim under rule 165a(3), he, nevertheless, is entitled to a hearing on his motion."); *Gulf Coast Inv. Corp.*, 754 S.W.2d at 153 ("an oral hearing is required on any timely filed motion to reinstate under Tex. R. Civ. P. 165a").

Appellees argue that we should hold that the trial court's failure to hold a hearing on a motion to reinstate was harmless error. *See Preslar v. Garcia*, No. 03-13-00449-CV, 2014 WL 824201, at *3-4 (Tex. App.—Austin Feb. 26, 2014, no pet.) (mem. op.). In this case, however, unlike *Preslar*, there was no hearing or other proceeding from which relevant facts could be gleaned or reviewed. Without such information, we cannot evaluate the harmlessness of the failure to hold a hearing under rule 165a(3). *See id.* (because Preslar participated in hearing on motion to dismiss and did not present new arguments in motion to reinstate, failure to hold hearing on motion to reinstate was harmless error); *see also Tarvin v. Texas Dep't of Crim. Justice*, No. 03-11-00351-CV, 2013 WL 4056197, at *1 (Tex. App.—Austin Aug. 9, 2013, no pet.) (mem. op.) ("trial court *must* hold an oral hearing" upon receipt of proper and timely motion to reinstate; reversed for hearing on motion to reinstate). Based on this record, we cannot conclude that the trial court's failure to hold a hearing on Hunter's motion to reinstate was harmless.

6

**Conclusion**

The trial court clerk was obligated to deliver Hunter's motion to reinstate to the trial court, which was then required to conduct a hearing on the motion. *See* Tex. R. Civ. P. 165a(3). The trial court erred in not holding such a hearing. *See id*.; *Thordson*, 815 S.W.2d at 550; *Enriquez*, 400 S.W.3d at 620. We therefore reverse the cause and remand it to the trial court for further proceedings consistent with this opinion.[6]

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland
  Dissenting Opinion by Justice Pemberton

Reversed and Remanded

Filed:  January 14, 2016

---

[6] We deny Hunter's "Original Verified Motion to Proceed In Forma Pauperis Pursuant to Texas Rule of Appellate Procedure Rule 20 et seq.," filed on November 4, 2015, and dismiss all other pending motions.