**Opinion filed July 19, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00047-CV

_____

## JULIE T. CHAU, Appellant

## V.

## SELECT MEDICAL CORPORATION D/B/A REGENCY HOSPITAL OF ODESSA, LLP, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-136,673**

### O P I N I O N

Julie T. Chau alleged claims of discrimination based on race, national origin, and age, and of retaliation against her employer, Select Medical Corporation d/b/a Regency Hospital of Odessa, LLP (Regency). Regency filed a traditional motion for summary judgment based upon the statute of limitations because Regency believed that Chau failed to timely file her petition. The trial court granted

Regency's motion for summary judgment, and on appeal, Chau asks this court to review whether a question of material fact exists concerning the timeliness of the filing of her petition under the mailbox rule in Rule 5 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 5. We reverse and remand.

## I. *Summary Judgment Evidence*

Chau filed a charge against Regency with the Texas Workforce Commission, Civil Rights Division, and she received her notice of the right to file a civil action on September 27, 2013. Chau had sixty days from this date, or until November 26, to file her petition. *See* TEX. LAB. CODE ANN. § 21.254 (West 2015).

Chau asserted that her lawyer mailed her petition to the district clerk on November 25, and the clerk filed it on December 2. December 2 was the first business day after the Thanksgiving holiday.[1] Chau contends that the filing was timely under the mailbox rule.[2] As shown in Chau's response to Regency's motion for summary judgment, Chau's attorney filed an affidavit and attached exhibits, including a copy of the cover letter that was mailed with the petition.

Chau's attorney stated in the affidavit that "Plaintiff's Original Petition was mailed to the Ector County district clerk on November 25[,] 2013, requesting citation," and he cited to the attached letter. The letter was addressed to the Ector County district clerk and contained a heading, which read "Via Priority Mail, USPS Tracking," above the recipient's address block. The United States Postal Service tracking and return tracking numbers appeared in print at the bottom of the letter, and the corresponding tracking numbers were stamped in the bottom right-hand corner of the page. Chau's attorney's affidavit also stated that the Ector County

---

[1]We may take judicial notice of state holidays. *See, e.g.*, *Martinez v. Windsor Park Dev. Co.*, 833 S.W.2d 950, 951 (Tex. 1992).

[2]The parties do not dispute Chau's diligence in serving process after the filing.

district clerk received the petition on December 2 and issued citation on December 3. As Regency points out, Chau did not produce a copy of a stamped envelope, postmark, or mailing receipt.

## II. *Analysis*

Chau argues that she produced more than a scintilla of evidence that raised a question of material fact on the timeliness of the filing of her petition, under the mailbox rule. Regency responds with two arguments. First, the mailbox rule in Rule 5 of the Texas Rules of Civil Procedure does not apply to the limitations period in Section 21.254 of the Texas Labor Code. Second, even if Rule 5 applies, Chau's evidence does not raise more than a scintilla of evidence that she satisfied all of the elements of the mailbox rule. "Because the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). Consequently, we address both of Regency's arguments.

### A. *The mailbox rule in Rule 5 of the Texas Rules of Civil Procedure applies to Section 21.254 of the Texas Labor Code.*

Whether the mailbox rule applies to the limitations period in Section 21.254 of the Texas Labor Code is a question of law, which we review de novo. *See George v. Price*, 321 S.W.3d 164, 166 (Tex. App.—Eastland 2010, no pet.). Rule 5 of the Texas Rules of Civil Procedure provides:

> When by these rules . . . an act is required . . . within a specified time, the court for cause shown may, at any time in its discretion . . . order the period enlarged . . . or . . . permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act. . . .

If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

TEX. R. CIV. P. 5.

The second paragraph of Rule 5 contains the mailbox rule. *Id.*; *Danesh v. Houston Health Clubs, Inc.*, 859 S.W.2d 535, 537 (Tex. App.—Houston [1st Dist.] 1993, writ ref'd). "According to its express terms," the second paragraph "applies to 'any document.' This includes original pleadings." *Milam v. Miller*, 891 S.W.2d 1, 2 (Tex. App.—Amarillo 1994, writ ref'd). We find this interpretation makes sense because the text of the "first paragraph deals with a different subject than the second paragraph." *Danesh*, 859 S.W.2d at 537. The first paragraph provides for "when a judge may allow documents to be filed after the time limits set by the rules," but "[t]he second paragraph determines the legal effect of action taken *before* the last day to file." *Id.* Each paragraph has a different scope: The first paragraph applies to deadlines established "by these rules or by a notice given thereunder or by order of court," whereas the second paragraph applies to "any document." *See* TEX. R. CIV. P. 5. Additionally, the language in the first paragraph—"may" and "in its discretion"—is permissive, but the language in the second paragraph—"shall . . . be deemed"—is mandatory and indicates that the mailbox rule has a discrete application. *See* TEX. R. CIV. P. 5.

Because the mailbox rule "does not extend the substantive limitations period" but instead "defines what constitutes 'bringing suit,'" there is no conflict that prevents the application of Rule 5 to a statutory deadline for bringing suit. *Danesh*, 859 S.W.2d at 537. In reliance on this interpretation since *Milam* and *Danesh*,

4

"several Texas appellate courts have applied the mailbox rule in cases involving an original petition." *White v. Dietrich Indus., Inc.*, 554 F. Supp. 2d 684, 688 (E.D. Tex. 2006) (citing *Flores v. Texas Prop. & Cas. Ins. Guar. Ass'n ex rel. Paula Ins. Co.*, 167 S.W.3d 397, 399 (Tex. App.—San Antonio 2005, pet. denied); *Bailey v. Hutchins*, 140 S.W.3d 448, 450–51 (Tex. App.—Amarillo 2004, pet. denied); *Arnold v. Shuck*, 24 S.W.3d 470, 472 (Tex. App.—Texarkana 2000, pet. denied)). Regency refers to two cases, *Morris v. Aguilar* and *Gutierrez v. B & B Landfill, Inc.*, and argues that Rule 5 only applies to the Rules of Civil Procedure and not a specific statutory deadline as provided in Section 21.254. *Morris v. Aguilar*, 369 S.W.3d 168 (Tex. 2012); *Gutierrez v. B & B Landfill, Inc.*, No. 10-12-00219-CV, 2013 WL 1408728 (Tex. App.—Waco Apr. 4, 2013, no pet.) (mem. op.). As we explain below, *Morris* and *Gutierrez* are distinguishable.

The issue in *Morris* concerned whether a trial court could use Rule 5 to extend a deadline in the Rules of Appellate Procedure for "good cause." *Morris*, 369 S.W.3d at 169, 171. In that case, the Texas Supreme Court quoted only the first paragraph of Rule 5 and made the following observation: "By its own terms, Rule 5 only applies to deadlines in the Rules of Civil Procedure." *Id.* at 171. In contrast, in the next sentence, the court noted that the Rules of Appellate Procedure prescribed the applicable deadline. *Id.* Just as *Milam* used "Rule 5" as a shorthand to refer to the mailbox rule in the second paragraph of Rule 5, *Milam*, 891 S.W.2d at 2, *Morris* appears to have used "Rule 5" as a shorthand for the first paragraph, which concerns a court's power to extend a deadline for good cause. *Morris*, 369 S.W.3d at 171. *Morris* did not cite *Milam*, *Danesh*, or any other case that applied the mailbox rule, and the issue in *Morris* did not involve the mailbox rule. *See id.* at 169, 171. Regency has not pointed to any mailbox-rule case for which *Morris* conflicts, and we have not found any conflict with mailbox-rule cases in Texas jurisprudence. As

a result, we read the statement in *Morris* about Rule 5 as a reference only to "good-cause" extensions in the first paragraph of the rule.

Next, the *Gutierrez* case is distinguishable because it concerned a unique situation that implicated both paragraphs of Rule 5. *See Gutierrez*, 2013 WL 1408728, at *1, 3. There, the plaintiff "failed to affix the proper amount of postage on the envelope" in which the petition was initially mailed by the deadline, so the first mailing did not satisfy the mailbox rule. *Id.* at *1. After the envelope was returned for insufficient postage, the plaintiff mailed the petition a second time after the deadline. *Id.* Because the plaintiff failed to use enough postage on the first envelope, the mailbox rule would not have been satisfied unless there was good cause to extend the deadline to the second mailing. *Id.* at *4–5. One could interpret the *Gutierrez* court's opinion to hold that the *Morris* decision precluded application of any part of Rule 5 to Section 21.254. *See id.* at *4 (citing *Morris*, 369 S.W.3d at 171). However, the issue in that case related to the trial court's discretion to accept the second mailing for "good cause" after the deadline. *See id.* at *1, 4–5. Therefore, the facts in *Gutierrez*, and the application of Rule 5 to them, are distinguishable from the facts in this case where only the effect of the second paragraph of Rule 5 is questioned.

We see no substantive distinction between the deadline in Section 21.254 and the one at issue in *Danesh*. The *Danesh* court applied the mailbox rule to "a two-year limitations period for 'bringing suit'" under Section 16.003 of the Texas Civil Practice and Remedies Code. *Danesh*, 859 S.W.2d at 536. "There is nothing in the Labor Code that suggests a substantive difference between the common law definition of 'bringing suit' and the statutory definition of 'bring a civil action.'" *Zamora v. Tarrant Cty. Hosp. Dist.*, 510 S.W.3d 584, 591 (Tex. App.—El Paso 2016, pet. denied). The mailbox rule does not extend the substantive limitations

6

period; rather, it defines what constitutes "bringing suit" within the meaning of the statute. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (quoting *Danesh*, 859 S.W.2d at 537). Additionally, Section 21.254 does not create a jurisdictional requirement. *McCollum v. Tex. Dep't of Licensing & Regulation*, 321 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *see In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010) (noting that the Texas Legislature did not use a clear statement to make filing deadlines jurisdictional under the Labor Code, as it did for suits against governmental entities in Section 311.034 of the Government Code); *Zamora*, 510 S.W.3d at 591 (holding that Section 21.254 does not require actual service of process within the 60-day deadline); *Comptroller v. Landsfeld*, 352 S.W.3d 171, 177 n.3, 178 (Tex. App.—Fort Worth 2011, pet. denied) (holding that, when the employer is a governmental entity, the 180-day deadline in Section 21.202 of the Labor Code for filing a charge with an administrative agency is a jurisdictional prerequisite to filing suit, but noting that Section 21.254 "does not contain the mandatory dismissal language").

There are two other reasons to hold that the 60-day deadline in Section 21.254 is not jurisdictional. First, Section 21.001(1) of the Texas Labor Code provides that its purpose is to execute the purposes of Title VII of the 1964 Civil Rights Act. LAB. § 21.001(1). We think the reference in Section 21.001 to federal law, where EEOC deadlines are not jurisdictional, is illustrative. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982). Second, applicable statute here does not contain an explicit provision that provides its rules control where there is a conflict with the Texas Rules of Civil Procedure. Moreover, we note that the Texas Supreme Court has held in an analogous situation that there was no conflict between the Texas Workers' Compensation Commission's filing deadline rule and the mailbox rule. *See Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960–62 (Tex. 1999). We hold that

the more sensible approach is that Rule 5 of the Texas Rules of Civil Procedure, the mailbox rule, applies to the filing of a civil action under Section 21.254 just as it applies to the requirement to bring suit under statutes of limitation like Section 16.003 of the Texas Civil Practice and Remedies Code and as it operates in the workers' compensation context. Because we conclude that the mailbox rule applies to the limitations period in Section 21.254, we now address whether Chau's evidence was sufficient to create a material question of fact on the timeliness of the filing of her petition.

> B. *The affidavit of Chau's attorney and attached documents are sufficient to create a question of material fact on Chau's compliance with the mailbox rule.*

Chau argues that her attorney's affidavit and the attached cover letter are evidence that she complied with the mailbox rule. Regency does not dispute the affidavit, but it instead argues that this evidence was insufficient to prove "that the petition was sent by first class United States mail, that the envelope in which it was sent was properly addressed and stamped[,] or that it was deposited in the mail on or before the last day for filing."

We review summary judgments de novo under a well-settled, multifaceted standard of review. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Kemp v. Jensen*, 329 S.W.3d 866, 868 (Tex. App.—Eastland 2010, pet. denied). We apply the same standard of review, a de novo review, to the mailbox rule as we apply to a summary judgment based on a statute of limitations. *Flores*, 167 S.W.3d 397 at 400; *Arnold*, 24 S.W.3d at 471.

"A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). "If

the movant establishes that the statute of limitations bars the action," the burden shifts to the nonmovant to raise a fact question. *Id.* To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 823, 827 (Tex. 2005). If differing inferences may reasonably be drawn from the summary judgment evidence, a summary judgment should not be granted. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985).

Generally, "a document is 'filed' when it is tendered to the clerk, or otherwise put under the custody or control of the clerk." *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993). The mailbox rule, however, provides an exception: "[O]nce the provisions of Rule 5 are met, the post office becomes a branch of the district clerk's office for purposes of filing pleadings." *Milam*, 891 S.W.2d at 2. The mailbox rule has five elements: The document must be (1) "sent to the proper clerk" (2) "by first-class United States mail" (3) "in an envelope or wrapper properly addressed and stamped" (4) "on or before the last day for filing" and (5) "received by the clerk not more than ten days tardily." TEX. R. CIV. P. 5; *see Arnold*, 24 S.W.3d at 472.

An attorney's uncontroverted affidavit can establish compliance with the mailbox rule. *Lofton v. Allstate Ins. Co.*, 895 S.W.2d 693, 693–94 (Tex. 1995); *Flores*, 167 S.W.3d at 400. Additionally, a cover letter attached to an affidavit may be sufficient proof. *E.g.*, *White*, 554 F. Supp. 2d at 689; *Jackson v. Texas Workforce Comm'n*, No. 2-04-246-CV, 2005 WL 250872, at *1 (Tex. App.—Fort Worth Feb. 3, 2005, no pet.) (mem. op.). In this case, Chau adduced sufficient evidence for each element of the mailbox rule to create a question of material fact on the timeliness of the filing of her petition.

9

Chau's attorney's affidavit provides that he mailed the petition to the Ector County district clerk, which Chau asserts complied with the first element. The heading above the recipient's address, which reads "Via Priority Mail, USPS Tracking," and the stamped USPS tracking numbers show that Chau's attorney used USPS priority mail, which Chau argues satisfied element two. *See Hunter v. Tex. Dep't of Ins.*, No. 03-14-00737-CV, 2016 WL 284427, at \*2 n.5 (Tex. App.—Austin Jan. 14, 2016, no pet.) (mem. op.) (noting that using USPS priority mail appeared to be timely under the mailbox rule); *Flores*, 167 S.W.3d at 400 (holding that "certified United States mail, postage prepaid," satisfied the second element). We note that priority mail is an expedited version of first class mail, sent via air mail, that charges a higher fee the farther the parcel is to be sent; the weight also is limited to seventy pounds.[3] Once a package weighs more than thirteen ounces, it moves from first class mail to the superior service of priority mail.[4] For the third element, Chau's attorney addressed the cover letter to the Ector County district clerk, and the district clerk actually received and filed the petition on the first business day after Thanksgiving. We can infer that Chau's attorney properly addressed the envelope or wrapping that contained the petition. *See Taylor v. State*, 424 S.W.3d 39, 45 (Tex. Crim. App. 2014) ("We, however, conclude that, in the absence of direct evidence, as here, an appellate court may reasonably infer from the circumstances that appellant addressed his envelope to the clerk . . . ."); *see also White*, 554 F. Supp. 2d

---

[3]"First-Class Mail prices are the same regardless of how far the mail travels." https://pe.usps.com/BusinessMail101?ViewName=FirstClassMail. In contrast, "[P]riority mail postage is determined by how far the mail piece must travel to get to its destination: the farther it travels the more you pay in postage." https://pe.usps.com/BusinessMail101?ViewName=PriorityMail. "The actual distance is measured by 'zones.'" Zones range from zone 1 (local, close to you) to zone 8 (very far away from you). The farther the mail travels, the more zones it crosses, and the more postage you pay. You can access zone charts online." *Id.* "For some large, lightweight Priority Mail packages you will use dimensional weighting for postage if the package is going to zones 5-8." *Id.*

[4]See https://pe.usps.com/BusinessMail101/Index?ViewName=FirstClassMail.

at 690 (reasoning that the envelope was properly addressed because there was "no evidence that the petition was returned to White's counsel for being improperly addressed, and the file-stamp shows that the petition reached the clerk's office within forty-eight hours of mailing"). For the fourth and fifth elements, the attorney's affidavit provides that he mailed the petition on November 25, 2013, which was before the deadline (fourth element) and that the clerk received the petition on December 2, which was within ten days of mailing (fifth element).

Regency did not controvert Chau's summary judgment evidence with competent summary judgment evidence to negate Chau's compliance with the mailbox rule. On appeal, Regency argues that Chau lacks sufficient evidence on elements two, three, and four. In particular, Regency asserts that, because Chau did not produce a copy of the envelope, postmark, or mailing receipt, there is no prima facie proof of mailing. "But there are multiple forms of prima facie evidence by which a court may determine the filing date under the 'mailbox rule.'" *Alvarez v. Thomas*, 172 S.W.3d 298, 302–03 (Tex. App.—Texarkana 2005, no pet.).[5] We hold that Chau adduced more than a scintilla of evidence to create a question of material fact on whether her attorney's affidavit and the attached documents adduced evidence of her compliance with the mailbox rule under Rule 5. We sustain Chau's sole issue.

---

[5]In *Landers v. State Farm Lloyds*, the First Court of Appeals noted that a private postage meter stamp, the attorney's certificate of service, and a letter sent by the attorney to the court were all insufficient as evidence of mailbox-rule compliance. *See* 257 S.W.3d 740, 745 n.5 (Tex. App.—Houston [1st Dist.] 2008, no pet.). *Landers* is distinguishable and not controlling in the present case because Chau's attorney provided an affidavit that references attachments that outlined some evidence of compliance with Rule 5, the mailbox rule.

### III. *This Court's Ruling*

We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.


MIKE WILLSON

JUSTICE

July 19, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[6]

---

[6]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.